**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANICE PACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI,<br><br>Defendants. | Case No. 1:24-cv-01030-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF THE LUXURBAN INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

Joshua Leckner, Evan Weiser, and Matthew Halpern (the "LuxUrban Investor Group")[1] respectfully submit this memorandum of law in support of their group motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing the LuxUrban Investor Group as lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving the LuxUrban Investor Group's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired LuxUrban Hotels Inc. ("LuxUrban") securities between November 8, 2023 and February 2, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that the LuxUrban Investor Group is the "most adequate plaintiff" as defined by the PSLRA.

The LuxUrban Investor Group believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a

---

[1] Mr. Leckner, Mr. Weiser, and Mr. Halpern attended Towson University together and have been friends since.

result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the LuxUrban Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the LuxUrban Investor Group respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, the LuxUrban Investor Group's selection of GPM  and Holzer  as co-lead counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[2]

LuxUrban utilizes an asset light business model to lease hotels on a long-term basis and rent hotel rooms in the properties it leases. The Company leases to business and vacation travelers through the Company's online portal and third-party sales and distribution channels, including several worldwide online travel agency (OTA) channels. The Company manages a portfolio of hotel rooms in New York, Washington D.C., Miami Beach, New Orleans, and Los Angeles.

The complaint in the above-captioned action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors: (1) that the Company had not signed a lease with the Royalton Hotel; (2) that, as a result, LuxUrban's total reported units was overstated; (3) that LuxUrban faced multiple lawsuits for unpaid rent; and (4) that, as a result of the foregoing, Defendants' positive statements about

---

[2] This section is adapted from the complaints in the above-captioned actions.

the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

In November 2023, the Company announced it had signed a 25-year Master Lease Agreement ("MLA") with the prestigious Royalton Hotel in New York.

On January 17, 2024, Bleecker Street Research published a report, which alleged that the Company had not actually signed a lease with the Royalton Hotel. The report stated the owner of the Royalton hotel building confirmed LuxUrban never actually signed a lease, nor even provided a Letter of Credit. The report also alleged the Company was embroiled in a number of lawsuits that "allege LuxUrban failed to pay rent repeatedly," and "in the last six months has been sued by landlords at four of their properties for unpaid rent" but that LuxUrban had "never once disclosed the nature of these lawsuits."

On this news, the Company's stock price fell $0.58, or 12% to close at $4.32 on January 17, 2024, on unusually heavy trading volume. The stock price continued to fall an additional $0.42, or 10%, to close at $3.89 on January 18, 2024, on unusually heavy trading volume.

Then on February 2, 2024, after the market closed, LuxUrban announced the "termination of discussions to add the Royalton Hotel to its roster of properties" and that it was "withdrawing its prior statements regarding the Royalton" including prior quarterly reports which listed the Royalton under "Management's Discussion and Analysis of Financial Condition and Results of Operations—Property Summary—Properties under lease, not operating."

On this news, the Company's stock price fell $0.99, or 22%, to close at $3.50 per share on February 5, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, class members have suffered significant losses and damages.

3

## III.   ARGUMENT

### A.   The LuxUrban Investor Group Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, the LuxUrban Investor Group satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The LuxUrban Investor Group has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, the LuxUrban Investor

4

Group is not aware of any unique defenses the defendants could raise against it that would render it inadequate to represent the class. Accordingly, the LuxUrban Investor Group respectfully submits that it should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    The LuxUrban Investor Group Filed a Timely Motion

The LuxUrban Investor Group has made a timely motion in response to a PSLRA notice. On February 12, 2024, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, the LuxUrban Investor Group had sixty days (*i.e.*, until April 12, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of LuxUrban securities during the Class Period, the LuxUrban Investor Group is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certifications, the LuxUrban Investor Group members attest that they have reviewed the complaint, adopts the allegations therein, and are willing to serve as a representatives of the class. *See* Linkh Decl., Ex. B. Accordingly, the LuxUrban Investor Group satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    The LuxUrban Investor Group Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the LuxUrban Investor Group believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

The LuxUrban Investor Group purchased LuxUrban securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $5,311.13. *See* Linkh Decl., Ex. C. To the best of its knowledge, the LuxUrban Investor Group is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the LuxUrban Investor Group believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    The LuxUrban Investor Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232

6

F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)       The LuxUrban Investor Group's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

The LuxUrban Investor Group's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, the LuxUrban Investor Group alleges that the Defendants' material misstatements and omissions concerning LuxUrban's business, operations, and financial prospects violated the federal securities laws. The LuxUrban Investor Group, like all members of the class, purchased LuxUrban securities in reliance on the Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, the LuxUrban Investor Group's interests and claims are "typical" of the interests and claims of the class.

### b)       The LuxUrban Investor Group Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

The LuxUrban Investor Group has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Mr. Leckner is an IT professional from Pikesville, Maryland. Mr. Weiser is a

supply chain subcontract specialist from Cherry Hill, New Jersey. And Mr. Halpern is a business analyst from Bethesda, Maryland. Moreover, the LuxUrban Investor Group is not aware of any conflict between its claims and those asserted on behalf of the class. As such, the LuxUrban Investor Group should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, the LuxUrban Investor Group has retained GPM and Holzer as co-lead counsel to pursue this litigation on its behalf and will retain the firms as the class's co-lead counsel in the event it is appointed lead plaintiff. GPM and Holzer possess extensive experience in securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firms' résumés attached to the Linkh Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, the LuxUrban Investor Group respectfully requests that the Court grant its Motion and enter an Order (1) appointing the LuxUrban Investor Group as lead plaintiff; (2) approving its selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

8

Respectfully submitted,

DATED: April 12, 2024                    **GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for the LuxUrban Investor Group and*
*Proposed Co-Lead Counsel for the Class*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 12, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 12, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh
