# EXHIBIT B

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1. I, Joshua Leckner _____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against LuxUrban Hotels Inc. ("LuxUrban" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire LuxUrban securities at the direction of plaintiff counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired LuxUrban securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. The attached sheet lists all of my transactions in LuxUrban securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed  2/23/2024
                    **(Date)**



—————————————————————
**(Signature)**

Joshua Leckner
—————————————————————
**(Type or Print Name)**

## SUMMARY OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 11/09/2023 | Purchase | 2000 | $4.80 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS**

1. I, <u>Matthew Halpern</u>, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against LuxUrban Hotels Inc. ("LuxUrban" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire LuxUrban securities at the direction of plaintiff counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired LuxUrban securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. The attached sheet lists all of my transactions in LuxUrban securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed    4/12/2024
                          **(Date)**

DocuSigned by:

*Matthew Halpern*
D573A381F26F4E7...

**(Signature)**

Matthew Halpern

**(Type or Print Name)**

## SUMMARY OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 11/10/2023 | Purchase | 200 | $4.5099 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I, <u>Evan Weiser</u>, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.    I have reviewed a Complaint against LuxUrban Hotels Inc. ("LuxUrban" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.    I did not purchase or acquire LuxUrban securities at the direction of plaintiff counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired LuxUrban securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.    The attached sheet lists all of my transactions in LuxUrban securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.      I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

**Executed** ___2/14/2024_____

**(Date)**

_____
**(Signature)**

Evan Weiser

_____
**(Type or Print Name)**

## SUMMARY OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 11/10/2023 | Purchase | 54 | $4.70 |
| 12/27/2023 | Purchase | 95 | $5.63 |
| 01/10/2024 | Purchase | 18 | $5.95 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |