UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE PACK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI,<br><br>Defendants. | Case No.  1:24-cv-01030-PAE |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ZCAP EQUITY FUND LLC
AND ROSS MARCHETTA FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND
APPROVAL OF LEAD COUNSEL

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

I.    THE FUND AND MARCHETTA SHOULD BE APPOINTED CO-LEAD
      PLAINTIFFS ................................................................................................................... 4

      A.    The Fund and Marchetta Are Willing to Serve as Class Representatives .............. 5

      B.    The Fund and Marchetta Have the "Largest Financial Interest" in the Action ...... 6

      C.    The Fund and Marchetta Otherwise Satisfy the Requirements of Rule 23............. 7

      D.    The Fund and Marchetta Will Fairly and Adequately Represent the Interests
            of the Class and Are Not Subject to Unique Defenses ......................................... 11

II.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED... 11

CONCLUSION.......................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
    2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)..............................................................................8

*Barnet v. Elan Corp., PLC*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ..........................................................................................10

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
    141 F.R.D. 229 (S.D.N.Y. 1992) .............................................................................................9

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN),
    2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
    2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)...........................................................................9

*Dura Pharmaceuticals, Inc. v. Broudo*,
    544 U.S. 336 (2005)................................................................................................................2, 7

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
    1997 WL 118429 (M.D. Fla. Feb. 6, 1997) .............................................................................8

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ..............................................................................................9

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542, 546 (N.D. Tex. 1997) ..................................................................................8

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
    2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ........................................................................10

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)................................................................................................6, 10

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
    2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..............................................................................6

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992)......................................................................................................8

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ...............................................................................................12

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................6, 8

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
  2008 WL 2811358 (S.D.N.Y. July 7, 2008) .............................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................................8

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ..............................................................................................8

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................................................12

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015)......................................................................................7

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...............................................................................6

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
  No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ..............................................11

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
  2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017).......................................................................6, 7

*Turpel v. Canopy Growth Corp.*, No. 23 CIV. 4302 (PAE),
  2023 WL 8276633 (S.D.N.Y. Nov. 30, 2023).........................................................................2

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................12

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731,
  2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ..........................................................................11

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................10

## <u>Statutes</u>

15 U.S.C. § 78u-4 ...........................................................................................................1, 4

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities Exchange Act of 1934...........................................................................................1, 6, 9

iii

## **Rules**

Fed. R. Civ. P. 23 ............................................................................................................. *passim*

zCap Equity Fund LLC and Ross Marchetta (together, the "Fund and Marchetta") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing the Fund and Marchetta as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired LuxUrban Hotels Inc. ("LuxUrban" or the "Company") securities between November 8, 2023 and February 2, 2024, inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  LuxUrban investors, including the Fund and Marchetta, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused LuxUrban's share price to fall sharply, damaging the Fund and Marchetta and other LuxUrban investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, the Fund and Marchetta collectively purchased 8,000 shares of LuxUrban stock, expended $37,179 on these purchases, retained 8,000 of their shares of LuxUrban stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $17,406 calculated on a first-in, first-out ("FIFO") basis, or $17,219 calculated on a last-in, first-out ("LIFO") basis, in connection with their Class Period

1

transactions in LuxUrban securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Calculated consistently with the loss-causation principles articulated in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), and its progeny, the Fund and Marchetta incurred recoverable losses of approximately $24,439 in connection with their Class Period purchases of LuxUrban securities.[1] *See id.* Accordingly, the Fund and Marchetta believe that they have the largest financial interest in the relief sought in this Action. Beyond their considerable financial interest, the Fund and Marchetta also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, the Fund and Marchetta have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, the Fund and Marchetta respectfully request that the Court enter an Order appointing the Fund and Marchetta as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaint in the Action, LuxUrban utilizes an asset light business model to lease hotels on a long-term basis and rent hotel rooms in the properties it leases. The Company leases to business and vacation travelers through the Company's online portal and

---

[1] The Fund and Marchetta have calculated their *Dura* losses in accordance with the methodology articulated by this Court in its recent decision *Turpel v. Canopy Growth Corp.*, No. 23 CIV. 4302 (PAE), 2023 WL 8276633, at *4-9 (S.D.N.Y. Nov. 30, 2023).

2

third-party sales and distribution channels, including several worldwide online travel agency (OTA) channels. The Company manages a portfolio of hotel rooms in New York, Washington D.C., Miami Beach, New Orleans, and Los Angeles.

In November 2023, the Company announced it had signed a 25-year Master Lease Agreement ("MLA") with the prestigious Royalton Hotel, a four-star hotel located at 44 West 44th Street, New York, New York.

On January 17, 2024, at approximately 12:00 PM EST, Bleeker Street Research published a report, which alleged that the Company had not actually signed a lease with the Royalton Hotel. The report stated the owner of the Royalton Hotel building confirmed LuxUrban never actually signed a lease, nor even provided a Letter of Credit. The report also alleged the Company was embroiled in a number of lawsuits that "allege LuxUrban failed to pay rent repeatedly," and "in the last six months has been sued by landlords at four of their properties for unpaid rent" but that LuxUrban had "never once disclosed the nature of these lawsuits."

On this news, the Company's stock price fell $0.58, or 12%, to close at $4.32 on January 17, 2024, on unusually heavy trading volume. The stock price continued to fall an additional $0.42, or 10%, to close at $3.89 on January 18, 2024, on unusually heavy trading volume.

Then on February 2, 2024, after the market closed, LuxUrban announced the "termination of discussions to add the Royalton Hotel to its roster of properties" and that it was "withdrawing its prior statements regarding the Royalton" including prior quarterly reports which listed the Royalton under "Management's Discussion and Analysis of Financial Condition and Results of Operations—Property Summary—Properties under lease, not operating."

On this news, the Company's stock price fell $0.99, or 22%, to close at $3.50 per share on February 5, 2024, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants misstated and/or failed to disclose to investors: (1) that the Company had not signed a lease with the Royalton Hotel; (2) that, as a result, LuxUrban's total reported units was overstated; (3) that LuxUrban faced multiple lawsuits for unpaid rent; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages.

ARGUMENT

I.    THE FUND AND MARCHETTA SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The Fund and Marchetta should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days

4

after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Fund and Marchetta satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

A.    The Fund and Marchetta Are Willing to Serve as Class Representatives

On February 12, 2024, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against LuxUrban and other defendants, and which advised investors in LuxUrban securities that they had 60 days from the date of the Notice's publication—*i.e.*, until April 12, 2024—to file a motion to be appointed as lead plaintiff. *See* Dkt. Nos. 6-1, 7.

The Fund and Marchetta have filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that they are willing to serve as representatives for

the Class and to provide testimony at deposition and trial, if necessary.[2]  *See* Lieberman Decl., Ex. B.  Accordingly, the Fund and Marchetta satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

      B.      The Fund and Marchetta Have the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, the Fund and Marchetta have the largest financial interest of any LuxUrban investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[3] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268 (AT)(SN), 2018 WL 3093965, at *1, *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1-2 (S.D.N.Y. Nov. 13, 2017).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See*

---

[2] Noah R. Robins ("Robins"), as the Fund's Chief Investment Officer ("CIO"), with authority to bind the Fund and enter into litigation on its behalf, signed the Certification on behalf of the Fund.  *See* Lieberman Decl., Ex. B.

[3] *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007)

*Nurlybaev*, 2017 WL 5256769, at \*1 ("Courts generally find the fourth factor to be the most compelling."); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015) ("The fourth factor is the most important.").

During the Class Period, the Fund and Marchetta collectively: (1) purchased 8,000 shares of LuxUrban stock; (2) expended $37,179 on their purchases of LuxUrban stock; (3) retained 8,000 of their shares of LuxUrban stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $17,406 calculated on a FIFO basis, or $17,219 calculated on a LIFO basis, in connection with their Class Period transactions in LuxUrban securities.  *See* Lieberman Decl., Ex. A.  Calculated consistently with the loss-causation principles articulated in *Dura* and its progeny, the Fund and Marchetta incurred recoverable losses of approximately $24,439 in connection with their Class Period purchases of LuxUrban securities. *See id.*  To the extent that the Fund and Marchetta possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.    The Fund and Marchetta Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiff movants satisfy Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018) ); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296. Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including the Fund and Marchetta.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v.*

*Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The Fund and Marchetta's claims are typical of those of the Class. The Fund and Marchetta allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning LuxUrban, or by omitting to state material facts necessary to make the statements they did make not misleading. The Fund and Marchetta, like other Class members, purchased LuxUrban securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove LuxUrban's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, the Fund and Marchetta have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, the Fund and Marchetta are also represented by the Portnoy Law Firm in this litigation. There is no evidence

of antagonism or conflict between the Fund and Marchetta's interests and those of the Class. Moreover, the Fund and Marchetta have submitted signed Certifications declaring their respective commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. B), and their significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Moreover, the Fund and Marchetta constitute an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

The Fund and Marchetta likewise have demonstrated their adequacy because they are a small and cohesive movant duo who have submitted a Joint Declaration—signed by (i) the Fund's CIO Robins on behalf of the Fund, and (ii) Marchetta—attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. C.  Courts routinely appoint more than one investor as Co-Lead Plaintiffs under such circumstances. *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y.

10

Dec. 15, 2017) (appointing group of investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *7-9, *12 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

D.     The Fund and Marchetta Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Fund and Marchetta as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interests of the class; or

(bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Fund and Marchetta's ability and desire to fairly and adequately represent the Class has been discussed above. The Fund and Marchetta are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, the Fund and Marchetta should be appointed Co-Lead Plaintiffs for the Class.

II.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-

11

4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Fund and Marchetta have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. D. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, the Fund and Marchetta's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and

12

expeditiously. Thus, the Court may be assured that by approving the Fund and Marchetta's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, the Fund and Marchetta respectfully request that the Court issue an Order: (1) appointing the Fund and Marchetta as Co-Lead Plaintiffs for the Class; and (2) approving the Fund and Marchetta's selection of Pomerantz as Lead Counsel for the Class.

Dated: April 12, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for zCap Equity Fund LLC and*
*Ross Marchetta and Proposed Lead Counsel*
*for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for zCap Equity Fund*
*LLC and Ross Marchetta*

13