**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANICE PACK, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-01030-PAE |
| Plaintiff, | |
| v. | |
| LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE LUXURBAN INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL**

The LuxUrban Investor Group submits this memorandum of law in opposition to the competing motion for appointment as lead plaintiff and approval of lead counsel filed by zCap Equity Fund LLC ("zCap") and Ross Marchetta ("Marchetta," collectively the "zCap/Marchetta Group") (Dkt. No. 17).

## I.    INTRODUCTION

Only two groups filed lead plaintiff motions in this action: the LuxUrban Investor Group (Dkt. No. 14) and the zCap/Marchetta Group.

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the movant or group that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified.

Here, while the zCap/Marchetta Group claims a larger financial interest than the LuxUrban Investor Group, the zCap/Marchetta Group should be disqualified from consideration because it is an improper group of unrelated investors, cobbled together by its counsel.

Moreover, zCap is subject to multiple unique defenses that render it inadequate to represent the class. First, zCap purchased 2,250 shares after LuxUrban's fraud was revealed which raises doubts about the information zCap was relying on when it purchased its shares. Second, zCap drastically inflated its loss in its initial motion. Third, zCap's class period trading appears to conflict with the trading strategy zCap informed its investors it would pursue on its website (https://zcapinvestors.com/). This leaves zCap vulnerable to arguments by Defendants that zCap

violated its fiduciary duty to its investors, and therefore should not be approved as a fiduciary for the class. All of these unique defenses will be a distraction at later stages of this litigation. As such, zCap should be disqualified at the outset.

The LuxUrban Investor Group should be appointed as lead plaintiff. The LuxUrban Investor Group has a larger financial interest than Marchetta. As such, whether the zCap/Marchetta Group is disqualified as an improper group or zCap alone is disqualified, the result is the same—the LuxUrban Investor Group has the largest financial interest in the relief sought by the class. And unlike the zCap/Marchetta Group, the LuxUrban Investor Group has a pre-litigation relationship and was therefore not cobbled together by counsel. Accordingly, the LuxUrban Investor Group is the presumptively most adequate plaintiff. Since the presumption has not been rebutted, the LuxUrban Investor Group should be appointed lead plaintiff, and its selection of lead counsel should be approved.

## II.    ARGUMENT

### A.    The zCap/Marchetta Group Overstated Its Loss

This Court directed counsel to calculate losses and compare movants' respective financial interests in accordance with *Turpel v. Canopy Growth Corp.*, No. 23-cv-4302, 2023 WL 8276633 (S.D.N.Y. Nov. 30, 2023). In *Canopy Growth*, losses "are calculated by multiplying the number of shares each purchased . . . by the per-share diminution in value after the alleged corrective disclosure. *Id.* at *8 n.7. The PSLRA further limits damages to "the difference between the purchase . . . price paid . . . and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells . . . the security." 15 U.S.C. § 78u-4(e)(2). Here, unlike in *Canopy Growth*, some movants purchased shares at prices below the pre-disclosure closing price of $4.90 per share, and/or sold shares prior to expiration of the 90-day lookback—

2

triggering the PSLRA limitation. Movants losses applying *Canopy Growth* and the PSLRA limitation are:

| Movant | Loss |
|---|---|
| zCap/Marchetta Group | $16,107.12 |
| *zCap Equity Fund LLC* | *$10,897.55* |
| *Ross Marchetta* | *$5,209.57* |
| LuxUrban Investor Group | $5,554.17 |
| *Joshua Leckner* | *$5,009.57* |
| *Evan Weiser* | *$301.55* |
| *Matthew Halpern* | *$243.04* |

Notably, zCap greatly exaggerated its losses in its initial motion. zCap claimed that it and Marchetta "incurred recoverable losses of approximately $24,439," Dkt. No. 19 at 7, and that zCap individually lost $19,230. *See* Dkt. No. 20-1. This is not even facially possible since zCap purchased only 6,000 shares during the class period and the maximum per-share diminution in value was roughly $2.60 ($4.90 pre-disclosure closing price – $2.2952 90-day lookback). 6,000 multiplied by $2.60 is substantially less than $19,230. However, once the PSLRA limitation is applied, zCap's true recoverable loss is revealed to be, at most $10,897.55.

However, the zCap/Marchetta Group should be disqualified as subject to unique defenses and inadequate to represent the class. Moreover, if zCap alone is excluded, the LuxUrban Investor Group has a larger loss than Marchetta.

**B.    The zCap/Marchetta Group Should Be Disqualified Because It Is An Unrelated Group Cobbled Together By Its Counsel To Maximize Financial Interest**

The zCap/Marchetta Group is a group of unrelated investors, cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and "based on this history, [] the members of that 'group' c[an] not be counted on to monitor counsel in a sufficient manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). Courts in this circuit (and

3

out) routinely reject such groups as inadequate. *See Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (declining to appoint a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not even know of one another before counsel introduced them"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (declining to appoint a proposed group as lead plaintiff where they "effectively admit[ted] to having no pre-litigation relationship . . . [and] [t]heir only involvement in the litigation thus far appears to have been a single conference call"). In line with this authority, the zCap/Marchetta Group should not be appointed as lead plaintiff.

The zCap/Marchetta Group does not even attempt to offer an explanation as to why they, as unrelated investors, "in aggregate would better serve the class than if they were separate." *Fries v. N. Oil & Gas, Inc.*, No. 16-cv-6543, 2017 WL 1880819, at *3 (S.D.N.Y. May 8, 2017). Without adding the losses of zCap, Marchetta would be behind the LuxUrban Investor Group. As such, their grouping is a transparent attempt to merely aggregate losses, which is the type of bad faith grouping courts reject. *Cf. Garnett v. RLX Tech. Inc.*, No. 21-cv-5125, 2021 WL 3913541, at *5 (S.D.N.Y. Aug. 31, 2021) (finding a group was not formed in bad faith because "[t]here is . . . no suggestion that the group was formed to box out an outside candidate for lead plaintiff").

Since the zCap/Marchetta Group is a construction of its counsel, cobbled together to aggregate losses and thereby claim lead plaintiff (and lead counsel) status, the group should be rejected as inadequate to represent the class.

### C.    zCap Is Subject To Multiple Disqualifying Unique Defenses

To disqualify zCap, "the Court need not conclude that [any] defense is likely to or will succeed." *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20-cv-4420-PAE, 2020 WL 5548856, at *7 (S.D.N.Y. Sept. 16, 2020) (citation omitted). Instead, only a "potential" that zCap is "subject to unique defenses" is necessary to disqualify it. *Id.* (citation omitted); *see also Cromer Fin. Ltd. v.*

*Berger*, 205 F.R.D. 113, 123 (S.D.N.Y. 2001) ("When a defense that is unique to a class representative threatens to dominate or even interfere with that plaintiff's ability to press the claims common to the class, then that threat must be analyzed with care."); *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989) ("[W]hether these defenses will be successful is of no matter. . . . Each of these plaintiffs would be required to devote considerable time to rebut the claim that their purchases were based not on the integrity of the market . . . . Clearly, this situation would prejudice absent class members."). zCap is subject to multiple unique defenses.

First, zCap purchased 2,250 shares after LuxUrban's fraud was revealed, which subjects it to unique reliance-based defenses. zCap purchased 2,250 shares on January 22, 2024. *See* Dkt. No. 20-2 at 4. This purchase was just days after the January 17, 2024 corrective disclosure in which Bleeker Street Research published a report revealing that LuxUrban had not signed a lease with the Royalton Hotel, despite LuxUrban's claims that it had, reporting "[t]he owner of that building [the Royalton Hotel] told us LuxUrban had not actually signed the lease." *See* Dkt. No. 1 ("Complaint") ¶ 28. The report also revealed that LuxUrban was embroiled in multiple lawsuits alleging that LuxUrban was repeatedly and consistently delinquent on rent. *Id.* ¶ 29. On this news, LuxUrban's share price fell 10% on heavy volume. zCap should be disqualified on this basis. *See In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20-cv-4420, 2020 WL 5548856, at *7 (S.D.N.Y. Sept. 16, 2020) ("In this District, 'a person that increases his holdings in a security after revelation of an alleged fraud involving that security is subject to a unique defense that precludes him from serving as a class representative.'") (citing *Berwecky v. Bear, Stearns & Co.*, 197 F.R.D. 65, 69 (S.D.N.Y. 2000)) (collecting cases).

5

Second, zCap drastically overstated its loss in its initial motion, which further demonstrates its inadequacy to represent the class. *See Camp v. Qualcomm Inc.*, No. 18-cv-1208, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (disqualifying a lead plaintiff movant in part due to "significant errors in the . . . loss calculation[]"); *Micholle v. Ophthotech Corporation*, No. 17-cv-210, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (holding date and pricing errors in a movant's submission "militate against appointment and render him inadequate to serve as lead plaintiff"); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14-cv-10020, 2015 WL 1345931, at *3 (S.D.N.Y. Mar. 19, 2015) (rejecting a movant in part because "publicly available trading data confirms the discrepancies" in the movant's submission); *Karp v. Diebold Nixdorf, Inc.*, No. 19-cv-6180, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) ("The Court thus finds that the errors in the Aroras' submissions further militate against appointment and render them inadequate to serve as lead plaintiff.") (internal quotation marks and brackets omitted); *Nager v. Websecure, Inc.*, No. 97-cv-10662, 1997 WL 773717, at *1 (D. Mass. Nov. 26, 1997) ("The inaccuracy may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff.").

Third, zCap's class period trading appears to conflict with the trading strategy zCap informed its investors it would pursue on its website (https://zcapinvestors.com/). zCap claims on its website that it "aims to achieve long-term growth in value . . . by becoming a long-term investor in its selected stocks" and "employs disciplined financial and operational criteria to ensure it invests in high quality securities." *See* https://zcapinvestors.com/our-approach/ (last visited April 26, 2024). zCap also claims that it does not engage in "market timing." *Id.* These representations are inconsistent with zCap's class period trading. zCap both bought and sold shares during the short 3-month class period, and increased its holdings just days after LuxUrban was revealed to be

6

a fraud. This is not "long-term" investing in "high quality securities." If this was zCap's trading during the narrow class period window, it is likely that Defendants will find much more evidence in discovery to argue that zCap violated its fiduciary duties to its investors and therefore should not be trusted as a fiduciary for the class. At the very least this issue will be a distraction at class certification. zCap should accordingly be disqualified at the outset.

**D.    The LuxUrban Investor Group Should Be Appointed As Lead Plaintiff**

Whether the zCap/Marchetta Group is disqualified collectively or just zCap is disqualified individually, the LuxUrban Investor Group has the largest financial interest in the relief sought by the class. Since The LuxUrban Investor Group also filed a timely motion and satisfies the requirements of Rule 23, The LuxUrban Investor Group is the presumptively most adequate plaintiff.

The presumption that the LuxUrban Investor Group is the most adequate plaintiff may be rebutted only upon "proof" that it "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof has been presented. Moreover, the LuxUrban Investor Group is composed of three long-time friends who decided to group together, and therefore does not suffer from the adequacy issues of the unrelated zCap/Marchetta Group. As such, the LuxUrban Investor Group should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

**III.    CONCLUSION**

For the foregoing reasons, the LuxUrban Investor Group requests that the Court grant its motion and enter an Order (1) appointing the LuxUrban Investor Group as Lead Plaintiff; (2)

approving its selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead

counsel for the class; and (3) Denying the zCap/Marchetta Group's motion.


Respectfully submitted,

DATED: April 26, 2024                    **GLANCY PRONGAY & MURRAY LLP**

By: */s/ Rebecca Dawson*
Rebecca Dawson
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: rdawson@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for the LuxUrban Investor Group and*
*Proposed Co-Lead Counsel for the Class*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April 26, 2024, I served true and correct copies of the foregoing document, by posting

the document electronically to the ECF website of the United States District Court for the Southern

District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on April 26, 2024, at New York, New York.

*/s/ Rebecca Dawson*
Rebecca Dawson