**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZCAP EQUITY FUND LLC and ROSS MARCHETTA, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI,<br><br><br>               Defendants. | Case No.: 1:24-cv-01030-PAE |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants LuxUrban Hotels Inc., Brian Ferdinand, and Shanoop Kothari*

**TABLE OF CONTENTS**

**Page**

ARGUMENT .......................................................................................................................................1

I.    The Court Should Consider the Full Text of Documents Incorporated by Reference into The AC ...............................................................................................................................2

II.    The Court Should Take Judicial Notice of The Documents Filed with the SEC and Other Publicly Available Materials. .................................................................................................8

      A.    Judicial Notice of LuxUrban's Public Filings with the SEC Is Appropriate. ..........8

      B.    Judicial Notice of Other Publicly Available Documents Cited in the Motion to Dismiss Is Appropriate. .................................................................................................10

CONCLUSION ...............................................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alexander v. The Bd. of Educ. of City of New York*,
  648 F. App'x 118 (2d Cir. 2016) ................................................................................3

*Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
  28 F.4th 343 (2d Cir. 2022) .....................................................................................3

*Finn v. Barney*,
  471 F. App'x 30 (2d Cir. 2012) ..............................................................................10

*Harris v. AmTrust Fin. Servs., Inc.*,
  135 F. Supp. 3d 155 (S.D.N.Y. 2015)......................................................................2

*In re IAC/InterActiveCorp Sec. Litig.*,
  695 F. Supp. 2d 109 (S.D.N.Y. 2010)....................................................................10

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir. 1991)...................................................................2, 4, 8, 10

*Lipow v. Net1 UEPS Techs., Inc.*,
  131 F. Supp. 3d 144 (S.D.N.Y. 2015)......................................................................4

*In re Merrill Lynch & Co., Inc.*,
  273 F. Supp. 2d 351 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch
  & Co.*, 396 F.3d 161 (2d Cir. 2005).........................................................................2

*N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty.
  Ret. Ass'n v. MDC Partners, Inc.*,
  2016 WL 5794774 (S.D.N.Y. Sept. 30, 2016)..................................................... 8-9

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015).........................................................................................1, 2, 3

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
  153 F. Supp. 3d 628 (S.D.N.Y. 2015)......................................................................4

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*,
  2014 WL 2610608 (S.D.N.Y. June 10, 2014) .........................................................8

*Robeco Cap. Growth Funds SICAV - Robeco Glob. Consumer Trends v. Peloton
  Interactive, Inc.*,
  665 F. Supp. 3d 522 (S.D.N.Y. 2023)......................................................................3

*Rosen v. Prudential Ret. Ins. & Annuity Co.*,
   718 F. App'x 3 (2d Cir. 2017) ....................................................................................3

*Salim v. Mobile Telesystems PJSC*,
   2021 WL 796088 (E.D.N.Y. Mar. 1, 2021), *aff'd*, 2022 WL 966903 (2d Cir.
   Mar. 31, 2022).............................................................................................................10

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547 F.3d 406 (2d Cir. 2008).....................................................................................8, 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007).................................................................................................1, 2, 3

*Tongue v. Sanofi*,
   816 F.3d 199 (2d Cir. 2016).........................................................................................2

*In re UBS Auction Rate Sec. Litig.*,
   2010 WL 2541166 (S.D.N.Y. June 10, 2010) ...........................................................10

*Wyche v. Advanced Drainage Sys., Inc.*,
   2017 WL 971805 (S.D.N.Y. Mar. 10, 2017), *aff'd*, 710 F. App'x 471 (2d Cir.
   2017) ...........................................................................................................................10

**Statutes**

Securities Exchange Act of 1934...............................................................................1, 2

**Rules**

Fed. R. Evid. 201 ....................................................................................................8, 10

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 2, 3

Defendants LuxUrban Hotels Inc. ("LuxUrban" or the "Company"), Brian Ferdinand, and Shanoop Kothari (the "Defendants") hereby request that this Court consider certain documents incorporated by reference into Plaintiffs' Amended Complaint ("AC"; Dkt. #30) and/or take judicial notice of certain materials submitted in support of Defendants' Motion to Dismiss the AC ("Motion to Dismiss"), attached as Exhibits 1-28 to the Declaration of Douglas W. Greene ("Greene Declaration" or "Greene Decl.") and filed concurrently herewith.

## ARGUMENT

The Supreme Court has interpreted the substantive federal securities laws as requiring courts to consider carefully the full factual context when deciding motions to dismiss putative securities class actions. In *Tellabs*, the Court held that in determining whether a plaintiff has pleaded the requisite "strong inference" of scienter for a claim under Section 10(b) of the Securities Exchange Act of 1934 "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Likewise, in *Omnicare*, the Court reached a similar conclusion with respect to the element of falsity, holding that this too requires courts to consider not only the full statement being challenged and the context in which it was made, but also other statements made by the company and other publicly available information, including the customs and practices of the relevant industry. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (whether a statement is false or misleading "always depends on context" and requires consideration of, among

1

other things, "all its surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry").[1]

Under *Omnicare* and *Tellabs*, the elements of falsity and scienter cannot properly be analyzed without reference to the full context in which the challenged statements were made. Likewise, alleged corrective disclosures should be analyzed in their appropriate context in order to determine whether a plaintiff has adequately pleaded loss causation. *Harris v. AmTrust Fin. Servs., Inc.*, 135 F. Supp. 3d 155, 173 n.30 (S.D.N.Y. 2015) (plaintiffs many not "cherry pick[]" parts of alleged corrective disclosures to plead loss causation). As set forth below, it is appropriate for the Court to consider the exhibits attached to the Greene Declaration and/or referenced below, because each is incorporated by reference into the AC and/or is a proper subject of judicial notice.

## I.     The Court Should Consider the Full Text of Documents Incorporated by Reference into The AC.

It is well-settled that courts may consider documents incorporated into the complaint by reference when deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005). Incorporation by reference allows courts to consider the full text of incorporated documents, including portions not mentioned in the complaint, in order to prevent litigants from cherry-picking only those portions which support their claims. *Kramer*, 937 F.2d at 773-774 (taking judicial notice of documents cited in securities fraud complaint and explaining "[w]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under

---

[1] *Omnicare* applies to Exchange Act Claims. *See, e.g.*, *Tongue v. Sanofi*, 816 F.3d 199, 209-210 (2d Cir. 2016).

Rule 12(b)(6) even though they would be doomed to failure. Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements"); *see also Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 n.3 (2d Cir. 2022) ("[D]istrict courts may 'permissibly consider documents other than the complaint' for the truth of their contents if they 'are attached to the complaint or incorporated in it by reference[.]'").

To the extent an incorporated document contradicts conclusory allegations in the complaint, courts need not take those allegations as true. *See Alexander v. The Bd. of Educ. of City of New York*, 648 F. App'x 118, 121 (2d Cir. 2016) (rejecting "attenuated allegations" that were "contradicted [] by . . . documents incorporated by reference"); *Rosen v. Prudential Ret. Ins. & Annuity Co.*, 718 F. App'x 3, 7 (2d Cir. 2017) (similar)*; Robeco Cap. Growth Funds SICAV - Robeco Glob. Consumer Trends v. Peloton Interactive, Inc.*, 665 F. Supp. 3d 522, 541 (S.D.N.Y. 2023) ("[I]f the documents [incorporated by reference] contradict the allegations of a plaintiff's complaint, the documents control and the court need not accept as true the allegations in the complaint.").

Consideration of documents incorporated by reference is particularly important in securities class actions where the substantive securities laws require courts to consider the full context in which each challenged statement was made when deciding whether it is sufficiently alleged to have been materially false or misleading, or made with scienter. *See Omnicare*, 575 U.S. at 190 (whether a statement was false or misleading "always depends on context"); *Tellabs*, 551 U.S. at 323-34 (courts must consider variety of materials when weighing competing inferences to determine whether plaintiff has pleaded a "strong inference" of scienter).

Accordingly, when deciding motions to dismiss securities class action complaints, courts in the Second Circuit routinely consider a variety of materials that have been incorporated by

reference—filings with the Securities and Exchange Commission ("SEC"), press releases, transcripts of earnings/conference calls, investor presentations, news articles, etc. *See, e.g.*, *Kramer*, 937 F.2d at 773 (considering the full text of documents filed with the SEC); *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 157-58 (S.D.N.Y. 2015) (considering filings in other proceedings, press releases, and SEC filings which were incorporated by reference); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 643 (S.D.N.Y. 2015) (considering news articles, press releases, and investor and earnings call transcripts incorporated by reference into the complaint).

Therefore, Defendants respectfully request that the Court consider the following documents, each of which forms the basis of Plaintiffs' claims and/or is incorporated by reference into the AC:

1. **Exhibit 1:** LuxUrban's excerpted prospectus, filed with the SEC on August 15, 2022. The prospectus is referenced and quoted in AC ¶¶16, 20-21 and forms the basis of Plaintiffs' claims.

2. **Exhibit 4:** LuxUrban's Form 8-K and attached press release, filed with the SEC on May 9, 2023. The Form 8-K and press release are referenced and quoted in AC ¶¶5, 30, 78-80. The AC asserts that the press release attached to the May 9, 2023 Form 8-K contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

3. **Exhibit 5:** LuxUrban's Form 10-Q filed with the SEC on May 9, 2023. The Form 10-Q is referenced and quoted in AC ¶¶81-86, 242, 244. The AC asserts that the May 9, 2023 Form 10-Q contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the May 9, 2023 Form 10-Q in connection with the control person liability allegations which form the basis of Plaintiffs' claims.

4. **Exhibit 6:** LuxUrban's Form 8-K and attached press release, filed with the SEC on May 17, 2023. The Form 8-K and attached press release are referenced and quoted in ¶¶87-91, 242, 244 of the AC. The AC asserts that the May 17, 2023 Form 8-K and attached press release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the May 17, 2023 Form 8-K in connection with

the control person liability allegations which form the basis of Plaintiffs' claims.

5.      **Exhibit 7:** Form 4s filed by LuxUrban on behalf of Mr. Ferdinand with the SEC during the class period. The Form 4s reflecting Mr. Ferdinand's stock sales are referenced in ¶¶210-214 of the AC. The AC references Mr. Ferdinand's stock sales in connection with the scienter allegations which form the basis of Plaintiffs' claims.

6.      **Exhibit 9:** LuxUrban's Form 8-K and attached presentation, filed with the SEC on May 22, 2023. The Form 8-K and attached presentation are referenced and quoted in ¶¶92-96 of the AC. The AC asserts that the May 22, 2023 Form 8-K and attached presentation contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

7.      **Exhibit 10:** LuxUrban's Form 8-K and attached press release, filed with the SEC on August 8, 2023. The Form 8-K and attached press release are referenced and quoted in ¶¶97-100, 242, 244 of the AC. The AC asserts that the August 8, 2023 Form 8-K and attached press release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the August 8, 2023 Form 8-K in connection with the control person liability allegations which form the basis of Plaintiffs' claims.

8.      **Exhibit 11:** LuxUrban's Form 10-Q filed with the SEC on August 8, 2023. The Form 10-Q is referenced and quoted in ¶¶101-104, 242, 244 of the AC. The AC asserts that the August 8, 2023 Form 10-Q contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the August 8, 2023 Form 10-Q in connection with the control person liability allegations which form the basis of Plaintiffs' claims.

9.      **Exhibit 12:** Transcript of the Q2 2023 earnings call, held on August 9, 2023. The transcript is referenced and quoted in ¶¶105-108 of the AC. The AC asserts that the August 9, 2023 earnings call transcript contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

10.     **Exhibit 13:** LuxUrban's Form 10-Q filed with the SEC on November 8, 2023. The Form 10-Q is referenced and quoted in ¶¶117-120, 242, 244 of the AC. The AC asserts that the November 8, 2023 Form 10-Q contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the November 8, 2023 Form 10-Q in connection with the control person liability allegations which form the basis of Plaintiffs' claims.

11.     **Exhibit 14:** LuxUrban's press release, published on *Business Wire* on November 30, 2023. The press release is referenced and quoted and referenced in ¶¶5, 35, 127-135 of the AC. The AC asserts that the November 30, 2023 press release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

12.     **Exhibit 16:** LuxUrban's press release, published on *Business Wire* on January 12, 2024. The press release is referenced and quoted in ¶¶139-143, 191 of the AC. The AC asserts that the January 12, 2024 press release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the January 12, 2024 press release in connection with the scienter allegations which form the basis of Plaintiffs' claims.

13.     **Exhibit 17:** *Bleecker Street Research* "LuxUrban Hotels (LUXH): The Bed Sheets Should Be Made Out Of Red Flags, published on January 17, 2024 (the "*Bleecker Street* Report"). The *Bleecker Street* Report is referenced and quoted in ¶¶6, 37-41, 49, 51, 144, 199-200, 221-223, 246-247 of the AC. The AC references the *Bleecker Street* Report in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

14.     **Exhibit 18:** LuxUrban's press release, published on *Business Wire* on January 17, 2024. The press release is referenced and quoted and referenced in ¶¶6, 43-44, 144-149, 199, 246 of the AC. The AC asserts that the January 17, 2024 press release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the January 17, 2024 press release in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

15.     **Exhibit 20:** LuxUrban's Form 8-K and attached press release, filed with the SEC on February 5, 2024. The Form 8-K and attached press release are referenced and quoted in ¶¶7, 46-50, 150-155, 200, 248-249 of the AC. The AC asserts that the February 5, 2024 Form 8-K and attached press release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the February 5, 2024 Form 8-K and attached press release in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

16.     **Exhibit 21:** Transcript of LuxUrban's analyst/investor day call, held on February 6, 2024. The transcript is referenced and quoted in ¶¶156-162, 202, 204-205, 219, 241 of the AC. The AC asserts that the February 6, 2024 transcript contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the February 6, 2024 transcript in connection with the scienter and control person liability allegations which form the basis of Plaintiffs' claims.

17.    **Exhibit 22:** LuxUrban's Form 8-K and attached presentation, filed with the SEC on February 6, 2024. The Form 8-K and attached presentation are referenced and quoted in ¶¶159-162. The AC asserts that the February 6, 2024 Form 8-K and attached presentation contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

18.    **Exhibit 23:** Ciara Long and Ethan Rothstein, "Dogged By 'Mistakes,' $1.2M Fine, Lawsuits And A Short Seller, Hotel Chain Shakes Up Leadership," *Bisnow*, March 12, 2024. The March 12, 2024 *Bisnow* article is referenced and quoted in ¶¶51-52, 187, 206, 250 of the AC. The AC references the March 12, 2024 *Bisnow* article in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

19.    **Exhibit 24:** LuxUrban's excerpted 2023 Form 10-K, filed with the SEC on April 15, 2024. The 2023 Form 10-K is referenced and quoted in ¶¶55, 206 n.4, 239, 242, 244, 256 of the AC. The AC references the 2023 Form 10-K in connection with the scienter and control person liability allegations which form the basis of Plaintiffs' claims.

20.    **Exhibit 25:** Transcript of LuxUrban's full-year 2023 earnings call, held on April 16, 2024. The transcript is referenced and quoted in ¶¶163-168, 208, 258 of the AC. The AC asserts that the April 16, 2024 transcript contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the April 16, 2024 transcript in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

21.    **Exhibit 26:** Ciara Long, "Wyndham Removes Beleaguered LuxUrban Hotels From Its Platform," *Bisnow*, May 10, 2024. The May 10, 2024 *Bisnow* article is referenced and quoted in ¶¶56, 259 of the AC. The AC references the May 10, 2024 *Bisnow* article in connection with the loss causation allegations which form the basis of Plaintiffs' claims.

22.    **Exhibit 27:** LuxUrban's Form 10-Q filed with the SEC on May 13, 2024. The Form 10-Q is referenced and quoted in ¶¶8, 59, 172-180, 215, 221-225, 260 of the AC. The AC asserts that the May 13, 2024 Form 10-Q contained allegedly false and misleading statements that form the basis of Plaintiffs' claims. The AC further references the May 13, 2024 Form 10-Q in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

23.    **Exhibit 28:** LuxUrban's Amended Form 10-Q filed with the SEC on August 20, 2024. The Form 10-Q is referenced and quoted in ¶¶72-74, 171, 174, 176, 178, 183, 222, 224, 268-269 of the AC. The AC references the August 20, 2024 Amended Form 10-Q in connection with the scienter and loss causation allegations which form the basis of Plaintiffs' claims.

**II.     The Court Should Take Judicial Notice of The Documents Filed with the SEC and Other Publicly Available Materials.**

**A.     Judicial Notice of LuxUrban's Public Filings with the SEC Is Appropriate.**

A court ruling on a motion to dismiss may properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (judicially noticed matters may be considered on a motion to dismiss because they are "not considered matters outside the pleadings") (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Second Circuit has concluded that SEC filings meet these requirements and may properly be considered at the motion to dismiss stage. *Kramer*, 937 F.2d at 774 (affirming consideration of SEC filings). The contents of SEC filings are considered facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and because they are required by law to be filed with the SEC, "no serious question as to their authenticity can exist." *Id.* (quoting Fed. R. Evid. 201(b)(2)) (finding it "highly impractical and inconsistent with Fed. R. Evid. 201" to preclude a district court from taking judicial notice of SEC filings in a Section 10(b) case). In particular, in weighing allegations that false or misleading statements were made under Section 10(b), it is appropriate for a court to consider both "related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements." *Id.* Additionally, when analyzing a defendant's stock sales, courts "routinely look to information from SEC filings[.]" *N. Collier Fire Control & Rescue Dist. Firefighter Pension Plan & Plymouth Cty. Ret. Ass'n v. MDC Partners,*

8

*Inc.*, 2016 WL 5794774, at *20 n.10 (S.D.N.Y. Sept. 30, 2016) (citation and quotation marks omitted).

Accordingly, consideration of the following documents is appropriate because they are documents filed with the SEC and are matters of public record:

1. **Exhibit 1:** LuxUrban's excerpted prospectus, filed with the SEC on August 15, 2022.

2. **Exhibit 2:** LuxUrban's excerpted 2022 Form 10-K, filed with the SEC on March 31, 2023.

3. **Exhibit 4:** LuxUrban's Form 8-K and attached press release, filed with the SEC on May 9, 2023.

4. **Exhibit 5:** LuxUrban's Form 10-Q filed with the SEC on May 9, 2023.

5. **Exhibit 6:** LuxUrban's Form 8-K and attached press release, filed with the SEC on May 17, 2023.

6. **Exhibit 7:** Form 4s, filed by LuxUrban on behalf of Mr. Ferdinand with the SEC during the class period.

7. **Exhibit 8:** Form 4s, filed by LuxUrban on behalf of Mr. Kothari with the SEC during the class period.

8. **Exhibit 9:** LuxUrban's Form 8-K and attached presentation, filed with the SEC on May 22, 2023.

9. **Exhibit 10:** LuxUrban's Form 8-K and attached press release, filed with the SEC on August 8, 2023.

10. **Exhibit 11:** LuxUrban's Form 10-Q filed with the SEC on August 8, 2023.

11. **Exhibit 13:** LuxUrban's Form 10-Q filed with the SEC on November 8, 2023.

12. **Exhibit 15:** LuxUrban's Form 8-K, filed with the SEC on December 5, 2023.

13. **Exhibit 20:** LuxUrban's Form 8-K and attached press release, filed with the SEC on February 5, 2024.

14. **Exhibit 22:** LuxUrban's Form 8-K and attached presentation, filed with the SEC on February 6, 2024.

15.    **Exhibit 24:** LuxUrban's excerpted 2023 Form 10-K, filed with the SEC on April 15, 2024.

16.    **Exhibit 27:** LuxUrban's Form 10-Q filed with the SEC on May 13, 2024.

17.    **Exhibit 28:** LuxUrban's Amended Form 10-Q filed with the SEC on August 20, 2024.

## B.    Judicial Notice of Other Publicly Available Documents Cited in the Motion to Dismiss Is Appropriate.

Finally, consideration of publicly available press releases, news articles, GAAP guidance, and documents filed on a public docket cited in the Motion to Dismiss is appropriate because they are publicly available information. In accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *Staehr*, 547 F.3d at 426. Thus, courts may, and routinely do, take judicial notice of such publicly available information. *See, e.g.*, *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of news articles and other publicly available information); *In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *10-12, 14 (S.D.N.Y. June 10, 2010) (taking judicial notice of news articles and media reports); *In re IAC/InterActiveCorp Sec. Litig.*, 695 F. Supp. 2d 109, 123 n.8 (S.D.N.Y. 2010) (taking judicial notice of a press release "as a matter of public record"); *Kramer*, 937 F.2d at 774 ("[C]ourts routinely take judicial notice of documents filed in other courts"); *Salim v. Mobile Telesystems PJSC*, 2021 WL 796088, at *6 (E.D.N.Y. Mar. 1, 2021) (considering GAAP provisions on motion to dismiss in securities class action), *aff'd*, 2022 WL 966903 (2d Cir. Mar. 31, 2022); *Wyche v. Advanced Drainage Sys., Inc.*, 2017 WL 971805, at *16 (S.D.N.Y. Mar. 10, 2017) (taking judicial notice of GAAP provisions), *aff'd*, 710 F. App'x 471 (2d Cir. 2017). Accordingly, it is appropriate for the Court to consider the following publicly available information cited in the Motion to Dismiss:

1.    **Exhibit 3:** LuxUrban's press release, published on *Business Wire* on May 9, 2023, *available at*

*https://www.businesswire.com/news/home/20230509006247/en/LuxUrban-Hotels-Signs-Master-Lease-Agreements-to-Operate-Boutique-Hotels-in-New-York-City-and-Los-Angeles-Adding-214-Units-to-its-Portfolio.*

2.    **Exhibit 14:** LuxUrban's press release, published on *Business Wire* on November 30, 2023, *available at https://www.businesswire.com/news/home/20231130130160/en/LuxUrban-Hotels-to-Operate-Two-New-Four-Star-Boutique-Hotels-in-New-York-City.*

3.    **Exhibit 16:** LuxUrban's press release, published on *Business Wire* on January 12, 2024, *available at https://www.businesswire.com/news/home/20240111036155/en/LuxUrban-Hotels-Announces-that-The-Royalton-by-LuxUrban-Trademark-Collection-by-Wyndham-Will-Begin-Welcoming-Guests-in-January.*

4.    **Exhibit 17:** *Bleecker Street* Research "LuxUrban Hotels (LUXH): The Bed Sheets Should Be Made Out Of Red Flags," published on January 17, 2024, *available at https://www.bleeckerstreetresearch.com/research/luxurban-hotels-luxh-the-bed-sheets-should-be-made-out-of-red-flags.*

5.    **Exhibit 18:** LuxUrban's press release, published on *Business Wire* on January 17, 2024, *available at https://www.businesswire.com/news/home/20240117267169/en/LuxUrban-Hotels-Responds-to-Inaccurate-and-Misleading-Short-Seller-Report.*

6.    **Exhibit 19:** Excerpted lease agreement for the James Hotel, located at 22 East 29th Street New York, NY, entered into by LuxUrban RE Holdings LLC and 88 Madison Hotel Fee Owner, January 30, 2024 execution copy, publicly filed as an exhibit in *LuxUrban v. 88 Madison Hotel Fee Owner, LLC*, No. 651800/2024 (NY Sup. Ct., April 12, 2024), Dkt. #9, *available at https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=r0G7pzyASMYZwIGXYmaC4w==&system=prod.*

7.    **Exhibit 23:** Ciara Long and Ethan Rothstein, "Dogged By 'Mistakes,' $1.2M Fine, Lawsuits And A Short Seller, Hotel Chain Shakes Up Leadership," *Bisnow*, March 12, 2024, *available at https://www.bisnow.com/national/news/hotel/dogged-by-mistakes-fine-lawsuits-and-a-short-seller-hotel-chain-shakes-up-leadership-123302.*

8.    **Exhibit 25:** Transcript of LuxUrban's full-year 2023 earnings call, held on April 16, 2024, *available at https://seekingalpha.com/article/4684054-luxurban-hotels-incorporated-luxh-q4-2023-earnings-call-transcript.*

9.    **Exhibit 26:** Ciara Long, "Wyndham Removes Beleaguered LuxUrban Hotels From Its Platform," *Bisnow*, May 10, 2024, *available at https://www.bisnow.com/national/news/hotel/dogged-by-mistakes-fine-lawsuits-and-a-short-seller-hotel-chain-shakes-up-leadership-123302.*

11

10.    Financial Accounting Standards Board, ASC 606 (Revenue from Contracts with Customers), *available at https://asc.fasb.org/606/showallinonepage*.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of all the documents attached to the Declaration of Douglas W. Greene and/or referenced above and in the Motion to Dismiss when deciding its Motion to Dismiss the Amended Complaint filed concurrently herewith.

Dated: December 20, 2024                 Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Douglas W. Greene*
Douglas W. Greene (*pro hac vice*)
dgreene@bakerlaw.com
Zachary R. Taylor
ztaylor@bakerlaw.com
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200

*Attorneys for Defendants LuxUrban Hotels Inc., Brian Ferdinand, and Shanoop Kothari*

12