UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZCAP EQUITY FUND LLC and ROSS MARCHETTA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI,<br><br>    Defendants. | No. 1:24-cv-01030-PAE<br><br><u>CLASS ACTION</u> |

**PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANTS'
<u>REQUEST FOR JUDICIAL NOTICE</u>**

# **Table of Contents**

ARGUMENT ........................................................................................................................... 1

    I.    Defendants Improperly Proffer Extrinsic Documents For Their Truth ................... 3

        a.    Exhibits 1, 5, 11, 13, 20 and 24 ................................................................... 3

        a.    Exhibits 15 and 19 ...................................................................................... 4

        a.    Exhibits 7 and 8 .......................................................................................... 7

    II.    The Remaining Eighteen Exhibits May Not Be Considered for the Truth of their Contents .................................................................................................................... 8

CONCLUSION ....................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                      Page(s)

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)......................................................................................................6

*Checheie v. Scheetz*,
   819 F. Supp. 2d 342, 348 (S.D.N.Y.2011), *aff'd*, 466 F. App'x 39 (2d Cir. 2012)...................4

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010)..................................................................................................3, 5

*Epstein v. N.Y.C. Dist. Council of Carpenters Benefit Funds*,
   No. 15 CIV. 2866, 2016 WL 1718262 (S.D.N.Y. Apr. 28, 2016)..............................................3

*Finn v. Barney*,
   471 F. App'x 30 (2d Cir. 2012) .................................................................................................8

*In re AppHarvest Sec. Litig.*,
   684 F. Supp. 3d 201 (S.D.N.Y. 2023).......................................................................................7

*In re DraftKings Inc. Sec. Litig.*,
   650 F. Supp. 3d 120 (S.D.N.Y. 2023).......................................................................................7

*In re UBS Auction Rate Sec. Litig.*,
   No. 08 Civ. 2967, 2010 WL 2541166 (S.D.N.Y. June 10, 2010)..............................................8

*Kasilingam v. Tilray, Inc.*,
   No. 20-CV-03459, 2024 WL 4350118 (S.D.N.Y. Sept. 30, 2024).......................................2, 8

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991)......................................................................................................6

*Lipow v. Net1 UEPS Techs., Inc.*,
   131 F. Supp. 3d 144 (S.D.N.Y. 2015).............................................................................1, 6, 7

*Michael Grecco Prods., Inc. v. RADesign, Inc.*,
   112 F.4th 144(2d Cir. 2024) .....................................................................................................6

*Pitman v. Immunovant, Inc.*,
   No. 21 CIV 918, 2024 WL 964258 (E.D.N.Y. Feb. 25, 2024)..............................................5, 7

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*,
   No. 13 CIV. 1654, 2014 WL 2610608 (S.D.N.Y. June 10, 2014) ............................................4

*Robeco Cap. Growth Funds SICAV – Robeco Glob. Consumer Trends v. Peloton Interactive, Inc.*,
   665 F. Supp. 3d 522 (S.D.N.Y. 2023).......................................................................................4

*Rosen v. Prudential Ret. Ins. & Annuity Co.*,
    718 F. App'x 3 (2d Cir. 2017) ...................................................................................4

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)..............................................................................1, 2, 8

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
    732 F. Supp. 3d 300 (S.D.N.Y. 2024)........................................................................2

*SEC v. Ripple Labs, Inc.*,
    No. 20 Civ. 10832, 2022 WL 762966 (S.D.N.Y. Mar. 11, 2022) ............................2

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008)......................................................................................8

*United States ex rel. Foreman v. AECOM*,
    19 F.4th 85 (2d Cir. 2021) ...................................................................................1, 2

**Rules**

Fed. R. Evid. 201(b)(2) .................................................................................................3, 5, 8

Federal Rule of Evidence 201 ................................................................................................8

Rule 12(b)(6)...........................................................................................................1, 2, 3

Lead Plaintiffs zCap Equity Fund LLC ("zCap") and Ross Marchetta ("Marchetta," and together with zCap, "Plaintiffs") respectfully submit this partial objection to Defendants' Request for Judicial Notice in Support of the Motion to Dismiss the Amended Complaint (Dkt. 43) (the "Request").

## ARGUMENT

Defendants' Request asks the Court to consider twenty-eight extrinsic documents totaling over 700 pages other than the Amended Class Action Complaint (Dkt. 30) (the "AC") in adjudicating Defendants' motion to dismiss (Dkt. 42) (the "MTD").[1]

"In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citing *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998)). "To be incorporated into the complaint by reference, 'the complaint must make a clear, definite and substantial reference to the documents.'" *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 157 (S.D.N.Y. 2015) (quoting *Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills*, 815 F. Supp. 2d 679, 691 (S.D.N.Y. 2011)).[2]

"When a complaint alleges, for example, that a document filed with the SEC failed to

---

[1] The Exhibits referenced herein were filed by Defendants as exhibits to the Declaration of Douglas W. Greene (Dkt. 44) (the "Greene Decl."). Defendants submitted only excerpts of Exhibits 1, 2, 19, and 24, and did not include the exhibit to Exhibit 15.

[2] The Court may also consider an extrinsic document "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). "For a document to be considered integral to the complaint, the plaintiff must 'rely on the terms and effect of a document in drafting the complaint ... mere notice or possession is not enough.'" *Id.* (omission in original) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Defendants do not argue that any of their Exhibits are "integral" to the AC.

1

disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the document to see whether or not those facts were disclosed." *Roth*, 489 F.3d at 509 (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 775 (2d Cir. 1991)). However, "the court is to consider them on a Rule 12(b)(6) motion 'only to determine *what* the documents stated,' and '*not to prove the truth of their contents.*'" *Roth*, 489 F.3d at 509 (quoting *Kramer*, 937 F.2d at 774); *see also San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 732 F. Supp. 3d 300, 314 (S.D.N.Y. 2024) ("Any of these judicially noticed documents can be considered for the fact that certain statements were made, but not for the truth of those statements." (citing *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 (2d Cir. 2022))).

"Where a district court considers material outside of the pleadings that is not attached to the complaint, incorporated by reference, or integral to the complaint, the district court, to decide the issue on the merits, must convert the motion into one for summary judgment." *AECOM*, 19 F.4th at 106 (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)). "A district court therefore 'errs when it considers affidavits and exhibits submitted by defendants, or relies on factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss.'" *Id.* at 107 (quoting *Friedl*, 210 F.3d at 83-84).

When considering extrinsic documents, the Court must "continue[] to draw all reasonable inferences in the [plaintiff's] favor. *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2022 WL 762966, at *1 n.1 (S.D.N.Y. Mar. 11, 2022) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)). "[I]t is improper for this Court to supplant the allegations of the Plaintiffs at the pleadings stage . . . ." *Kasilingam v. Tilray, Inc.*, No. 20-CV-03459, 2024 WL 4350118, at *2 (S.D.N.Y. Sept. 30, 2024) (*Tilray I*) (quoting *Kasilingam v. Tilray, Inc.* (*Tilray II*), No. 20-CV-03459, 2022 WL 4537846, at *1 (S.D.N.Y. Sept. 28, 2022)). "[A] motion for dismissal pursuant

to Rule 12(b)(6) is not an occasion for the court to make findings of fact." *Epstein v. N.Y.C. Dist. Council of Carpenters Benefit Funds*, No. 15 CIV. 2866, 2016 WL 1718262, at *2 (S.D.N.Y. Apr. 28, 2016) (quoting *Roth*, 489 F.3d at 509).

Plaintiffs do not oppose the Court's consideration—for properly limited purposes—of eighteen of the twenty-eight documents subject to the Request. However, Defendants improperly present ten extrinsic documents (Exhibits 1, 5, 7, 8, 11, 13, 15, 19, 20, and 24) for their truth, including documents that are neither attached to, incorporated by reference in, or even mentioned in the AC.

The remaining eighteen documents may be considered only for the limited purpose of establishing that particular statements were made therein, and not for the truth of such statements.

I. **Defendants Improperly Proffer Extrinsic Documents For Their Truth**

    a. **Exhibits 1, 5, 11, 13, 20 and 24**

Defendants improperly submit six extrinsic SEC filings for their truth to establish facts regarding LuxUrban's business. Some of their contentions are of little significance. For example, Defendants argue that "LuxUrban's business model became particularly attractive and successful during the COVID-19 pandemic," citing the prospectus for LuxUrban's IPO. MTD at 4 (citing Ex. 1 at 5). However, Defendants also ask this Court to accept as true the contents of SEC filings stating when the Company "secured leases" for certain hotels. *See* MTD at 4 (citing Ex. 11 (Q2 2023 Form 10-Q) at 18; Ex. 5 (Q1 2023 Form 10-Q) at 19-20; Ex. 13 (Q3 2023 Form 10-Q) at 22-23); *see also* MTD at 6 (citing Ex. 24 (2023 Form 10-K) at 5-6). Here, the AC alleges that Defendants made material misrepresentations about that very subject matter in SEC filings and elsewhere. Thus, these documents are not "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also DiFolco*, 622 F.3d at 111 ( ("[E]ven if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the

3

authenticity or accuracy of the document." (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006))).

Defendants also ask the Court to take judicial notice of Exhibit 20 (a Form 8-K filed February 5, 2024) to establish the fact that "[i]n early fall 2023, the Company negotiated MLAs for the Royalton and Truss Hotels and agreed upon the material terms of the transaction with the property owners." MTD at 6 (citing Ex. 20 and AC ¶¶33-34). But Exhibit 20 does not refer to the Truss Hotel at all (and neither do paragraphs 33 and 34 of the AC). Further, Exhibit 20 does not say that the Company negotiated an MLA for the Royalton and agreed upon the material terms of the transaction with the property owners in early fall 2023. Rather, Exhibit 20 states as follows: "The parties *began* working toward a transaction in early fall 2023. The Company *believed* based on correspondence received that the material terms of the transaction was agreed to." Ex. 20 at 4 of 8 (emphases added). Defendants' Request that the Court consider this document for its truth is improper, especially where the document does not support their proposition.[3]

Defendants' Request should be denied with respect to Exhibits 1, 5, 11, 13, 20, and 24.

### a. Exhibits 15 and 19

The AC alleges that Defendant Ferdinand had a motive to mislead investors because purchased significant amounts of Company common stock during the Class Period at prices

---

[3] Defendants' authorities involve courts considering extrinsic documents for the limited purpose of establishing that certain statement were made, and not for the truth of such statements. *See, e.g.*, *Rosen v. Prudential Ret. Ins. & Annuity Co.*, 718 F. App'x 3, 7 (2d Cir. 2017) (summary order) (finding that revenue-sharing payments were disclosed); *Robeco Cap. Growth Funds SICAV – Robeco Glob. Consumer Trends v. Peloton Interactive, Inc.*, 665 F. Supp. 3d 522, 541 (S.D.N.Y. 2023) (*reported* financial performance was consistent with allegedly false guidance); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654, 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) ("As a general matter, courts take 'judicial notice of the *fact* that regulatory filings contained certain information, without regard to the truth of their contents.'" (quoting *Checheie v. Scheetz*, 819 F. Supp. 2d 342, 348 (S.D.N.Y.2011), *aff'd*, 466 F. App'x 39 (2d Cir. 2012))).

ranging from $3 to $3.6847 per share, then, after making misrepresentations to the market, unloaded thousands of shares at higher prices before the truth was revealed to the market. AC ¶210 *et seq*. Attempting to counter this, Defendants ask the Court to take judicial notice of Exhibit 15 to establish that Ferdinand "gifted the proceeds from these stock sales back to the Company." MTD at 20 (citing Ex. 15 (12/5/23 Form 8-K)). Defendants rely on the doctrine of judicial notice with respect to Exhibit 15; they do not contend that Exhibit 15, which is not mentioned in the AC, is incorporated by reference therein.

This is an improper attempt use of extrinsic documents "for [their] truth to contradict the allegations in the [AC]." *Pitman v. Immunovant, Inc.*, No. 21 CIV 918, 2024 WL 964258, at *1 n.3 (E.D.N.Y. Feb. 25, 2024), *R & R adopted*, No. 21-CV-918, 2024 WL 1342737 (E.D.N.Y. Mar. 29, 2024). Because Plaintiffs allege that Defendants made material misrepresentations in SEC filings, Exhibit 20 – a Form 8-K filed by the Company and signed by Defendant Kothari – is not a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also DiFolco*, 622 F.3d at 111 (consideration proper only where "no dispute exists regarding the . . . accuracy of the document" (quoting *Faulkner*, 463 F.3d at 134)).

Moreover, Exhibit 15 does not say that Ferdinand gifted to the Company the proceeds of his Class Period insider sales. The AC alleges that Defendant Ferdinand conducted four sales of Company stock during a short period, yielding proceeds of $569,164.01. AC ¶214; *see also* AC ¶¶212-13. Exhibit 15 says that "[a]n amount equal to the proceeds resulting from recent sales by Mr. Ferdinand in the amount of *approximately $500,000* **will** be gifted to the Company." Ex. 15 at 3 of 4 (emphasis added). Even if this statement were true, it does not establish when, in what amount, whether such gift was in fact made, or by whom. Indeed, though Exhibit 15 refers to a purported "Payoff Letter" whereby the Company and Ferdinand agreed to cancel a promissory

5

note, there is no reference to any agreement by Ferdinand to gift stock sale proceeds to the Company. *Id*.

Similarly, Defendants submit Exhibit 19 to establish that the Company "executed a lease for the James Hotel" on January 30, 2024. MTD at 7-8 (citing Ex. 19 (described as "1/30/24 James Hotel Lease")). As with Exhibit 15, Defendants rely on judicial notice and do not contend that Exhibit 19 is incorporated by reference in the AC.

Defendants state that Exhibit 19 is an excerpt of a document that was publicly filed in a New York State action. Greene Decl. at 2. However, the Second Circuit is clear that "[a] court may take judicial notice of a document filed in another court *not for the truth* of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 148 n. 1(2d Cir. 2024) (emphasis added) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)), *cert. docketed*, No. 24-768 (U.S. Jan. 17, 2025).[4] In any event, the excerpted document submitted by Defendants states that it is "made and entered into as of January *31*, 2024" – not January 30. Ex. 19 at 2 of 94 (emphasis added). And, casting further doubt on Exhibit 19, though the document states that "Tenant shall deliver to Landlord, *simultaneously with the execution hereof* a guaranty ('Good Guy Guaranty') from the Guarantors in the form attached hereto as Exhibit J," Ex. 19 at 75 of 94 (emphasis added), there is no Exhibit J (or Exhibits D-I or K). *Cf. Chambers*, 282 F.3d at 154 n.5 ("Courts have declined to consider unsigned documents in ruling on motions to dismiss." (citing cases)).

---

[4] Defendants quote *Kramer* as stating that "[C]ourts routinely take judicial notice of documents filed in other courts," Request at 10, but that sentence of *Kramer* goes on to state that such notice may be taken "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." 937 F.3d at 774. *Lipow*, 131 F. Supp. 3d at 157-58, also emphasizes this limitation.

Defendants' Request should be denied with respect to Exhibits 15 and 19.

### a. **Exhibits 7 and 8**

Defendants also ask the Court to consider thirty-seven pages of Form 4s filed by Defendants Ferdinand and Kothari. Request at 5 (regarding Exhibit 7 (Ferdinand Form 4s); *id.* at 9 (regarding Exhibit 7 and Exhibit 8 (Kothari Form 4s). However, this Court has held that it is improper to consider Form 4s for the "truth of their contents." *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 134 n.1 (S.D.N.Y. 2023) (quoting *Bristol-Myers Squibb Co.*, 28 F.4th at 352); *see also In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 239 (S.D.N.Y. 2023) ("The Court may only take judicial notice that these Forms 4 exist, not for the truth of their contents."); *Pitman*, 2024 WL 964258, at *1 n.3 (rejecting defense request to take judicial notice of Form 4s for their truth).

Defendants do not and cannot contend that the AC makes a "clear, definite and substantial reference to the[se] documents," and thus they may not be considered pursuant to the doctrine of incorporation by reference. *Lipow*, 131 F. Supp. 3d at 157 (quoting *Mosdos Chofetz Chaim*, 815 F. Supp. 2d at 691). Indeed, the AC does not make any allegations concerning transactions by Defendant Kothari in LuxUrban stock. With respect to Defendant Ferdinand, the AC adequately pleads that he made misrepresentations with scienter because, among other reasons, he "purchased significant amounts of Company common stock during the Class Period at prices ranging from $3 to $3.6847 per share, then, after making misrepresentations to the market, unloaded thousands of shares at higher prices before the truth was revealed to investors." AC ¶210 *et seq*. Even if the Court could consider the Form 4s that Defendants have proffered for Defendant Ferdinand, their assertion that he purchased stock at *$0.25* per share after several alleged corrective disclosures, *see* Ex. 7 at 24 of 33, does not undermine scienter.

Defendants' Request should be denied with respect to Exhibits 7 and 8.

## II. The Remaining Eighteen Exhibits May Not Be Considered for the Truth of their Contents

As to the remaining eighteen exhibits, Defendants' MTD largely appears to use the exhibits only to reference what Defendants stated in SEC filings and earnings calls. Plaintiffs do not object to judicial notice of those exhibits "'only to determine *what* the documents stated,' and '*not to prove the truth of their contents*.'" *Roth*, 489 F.3d at 509 (quoting *Kramer*, 937 F.2d at 774).[5]

To the extent Defendants seek to use the eighteen exhibits for their truth, however, Plaintiffs object. Neither Federal Rule of Evidence 201 nor the doctrine of incorporation by reference permits Defendants to use materials outside the pleadings for their truth to contest the factual allegations in the AC. Further, because Plaintiffs allege that Defendants made material misstatements in SEC filings, press releases, and earnings calls, such exhibits are not "sources whose accuracy cannot reasonably be questioned" and thus are not proper subjects of judicial notice for their truth. Fed. R. Evid. 201(b)(2). "[I]t is improper for this Court to supplant the allegations of the Plaintiffs at the pleadings stage." *Tilray I*, 2024 WL 4350118, at *2 (quoting *Tilray II*, 2022 WL 4537846, at *1).

## CONCLUSION

For the foregoing reasons, Defendants' Request should be partially denied.

Dated: February 25, 2025                                Respectfully submitted,

                                                                       **POMERANTZ LLP**

                                                                       */s/ Jeremy A. Lieberman*

---

[5] Again, Defendants' authorities emphasize this limitation on judicial notice. *See Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (finding that district court properly "did not consider the documents for their truth"); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (similar); *In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967, 2010 WL 2541166, at *10-12, *14-15 (S.D.N.Y. June 10, 2010) (taking "judicial notice of the fact that these exhibits contained certain information and not for the truth of the matters asserted therein").

8

                    Jeremy A. Lieberman
                    Jonathan D. Park
                    600 Third Avenue, 20th Floor
                    New York, New York 10016
                    Telephone: (212) 661-1100
                    Facsimile: (212) 661-8665
                    jalieberman@pomlaw.com
                    jpark@pomlaw.com

*Counsel for Lead Plaintiffs zCap Equity Fund LLC and Ross Marchetta, and Co-Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiffs zCap Equity Fund LLC and Ross Marchetta*