**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZCAP EQUITY FUND LLC and ROSS MARCHETTA, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-01030-PAE |
| Plaintiffs, | |
| v. | |
| LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI, | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Tel. 212-589-4200
Fax. 212-589-4201

*Attorneys for Defendants LuxUrban*
*Hotels Inc., Brian Ferdinand, and*
*Shanoop Kothari*

i

# TABLE OF CONTENTS

**Page**

ARGUMENT ...........................................................................................................................3

I.    The Court Should Consider Exhibits 2-4, 6, 9-10, 12, 14, 16-18, 21-23, and 25-28 Because They Are Incorporated into the Complaint and Are Otherwise Judicially Noticeable. ..................................................................................................................3

II.    The Court Should Consider Exhibits 1, 5, 11, 13, 20, and 24. ..........................................6

III.    The Court Should Consider Exhibits 15 and 19. ................................................8

IV.    The Court Should Consider Exhibits 7 and 8. ................................................9

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Arcimoto Inc., Sec. Litig.*,
2022 WL 17851834 (E.D.N.Y. Dec. 22, 2022) ........................................................2

*Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
28 F.4th 343 (2d Cir. 2022) ...............................................................................9, 10

*Avon Pension Fund v. GlaxoSmithKline PLC*,
343 F. App'x 671 (2d Cir. 2009) ..........................................................................10

*Barshay v. Naithani*,
2023 WL 8708424 (2d Cir. Dec. 18, 2023) .............................................................1

*Byrd v. City of New York*,
2005 WL 1349876 (2d Cir. June 8, 2005) ...............................................................1

*Damri v. Liveperson, Inc.*,
2025 WL 863322 (S.D.N.Y. Mar. 19, 2025) ...........................................................9

*Dillard v. FBCS, Inc.*,
2020 WL 4937808 (E.D.N.Y. Aug. 24, 2020)..........................................................3

*In re DraftKings Inc. Sec. Litig.*,
650 F. Supp. 3d 120 (S.D.N.Y. 2023).....................................................................9

*Finn v. Barney*,
471 F. App'x 30 (2d Cir. 2012) ..............................................................................2

*Greco v. Qudian Inc.*,
2022 WL 4226022 (S.D.N.Y. Sept. 13, 2022)..........................................................3

*Hirsch v. Arthur Andersen & Co.*,
72 F.3d 1085 (2d Cir. 1995)....................................................................................9

*Jeffery v. City of New York*,
113 F.4th 176 (2d Cir. 2024) ..................................................................................9

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)..............................................................................2, 4

*Norales v. Acevedo*,
2022 WL 17958450 (2d Cir. Dec. 27, 2022) ..........................................................10

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
   575 U.S. 175 (2015)..................................................................................................1

*Perry v. NYSARC, Inc.*,
   424 F. App'x 23 (2d Cir. 2011) ..............................................................................3

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*,
   2014 WL 2610608 (S.D.N.Y. June 10, 2014) ........................................................1

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547 F.3d 406 (2d Cir. 2008)....................................................................................1

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)..................................................................................................2

**Rules**

Rule 12(b)(6)......................................................................................................1, 3, 4

**Statutes**

15 U.S.C. § 78u-5(e) ..................................................................................................5

Plaintiffs do not contest that eighteen of the exhibits attached to the Greene Declaration (Exs. 2-4, 6, 9-10, 12, 14, 16-18, 21-23, and 25-28) are incorporated by reference or otherwise may be considered in deciding Defendants' Motion to Dismiss. Indeed, they concede this, as they must. Opp. to RJN (Dkt. #48) at 1, 3. However, Plaintiffs object to consideration of ten other exhibits (Exs. 1, 5, 7, 8, 11, 13, 15, 19, 20, and 24) on the theory that they are "extrinsic evidence." Opp. to RJN at 3. Not so. First, many of the ten exhibits Plaintiffs object to (Exs. 1, 5, 7, 11, 13, 20, and 24) are also incorporated by reference into the Amended Complaint. Request for Judicial Notice ("RJN"; Dkt. #43) at 4-7. And they, along with the remaining exhibits, are all proper subjects of judicial notice. *Id.* It is well-established that courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, ***and*** matters of which a court may take judicial notice." *Barshay v. Naithani*, 2023 WL 8708424, at *1 (2d Cir. Dec. 18, 2023) (emphasis added). This is because judicially noticed matters are "not considered matters outside the pleadings." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)). Accordingly, the Court may consider all of the exhibits Defendants present without converting the motion to dismiss into a motion for summary judgment. *Byrd v. City of New York*, 2005 WL 1349876, at *1 (2d Cir. June 8, 2005); Opp. to RJN at 2.

These principles have particular force in securities fraud claims. The Supreme Court has held that in deciding motions to dismiss securities claims, courts must consider the full context in which challenged statements are made when deciding whether a complaint sufficiently alleges that such statements are materially false or misleading, or made with scienter. *See* RJN at 1-2; *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015)

(whether a statement was false or misleading "always depends on context"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007) (courts must consider a variety of materials when weighing competing inferences to determine whether plaintiff has pleaded a "strong inference" of scienter).[1] And courts in the Second Circuit routinely take judicial notice of and/or consider SEC filings and other publicly available materials in evaluating motions to dismiss in securities class actions. *See* RJN at 3-4, 8-10; *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (affirming consideration of SEC filings and filings in other courts); *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of publicly available information); *In re Arcimoto Inc., Sec. Litig.*, 2022 WL 17851834, at *4 (E.D.N.Y. Dec. 22, 2022) ("Courts in this Circuit routinely consider on a motion to dismiss . . . documents filed with the SEC[.]").

Faced with this authority, Plaintiffs only make two ancillary arguments against the Court's consideration of the materials Defendants present. First, Plaintiffs argue that the Court may not consider the materials for the "truth of their contents." Opp. to RJN at 2. But that is not what Defendants seek: the Request for Judicial Notice simply asks the Court to use these documents—each of which is incorporated by reference into the Amended Complaint or appropriately subject to judicial notice—to determine whether Plaintiffs' allegations are sufficiently pleaded when viewed in their appropriate context, or whether Plaintiffs have inappropriately cherry-picked certain public statements in an attempt to allege fraud. RJN at 1-3.

Second, Plaintiffs argue that when considering these materials, that the Court must "continue to draw all reasonable inferences in the [plaintiff's] favor" and that a court may not "supplant the allegations of the Plaintiffs at the pleading stage." Opp. to RJN at 2. This is not true

---

[1] Considering Plaintiffs' allegations in their full context does not require that the Court "make findings of fact." Opp. to RJN at 2-3.

though where, as here, Plaintiffs' allegations are conclusory, speculative, and contradicted by documents incorporated by reference and which are otherwise judicially noticeable. *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011) ("factual assertions that are contradicted . . . by documents upon which the pleadings rely, or by facts of which the court may take judicial notice" are not taken as true on a motion to dismiss).

While the materials submitted with Defendants' RJN are not necessary to the success of Defendants' Motion to Dismiss, they provide important context for assessing Plaintiffs' claims and further demonstrate the Amended Complaint's insufficiency, and the Court should consider them in deciding the Motion to Dismiss.

## ARGUMENT

I.    **The Court Should Consider Exhibits 2-4, 6, 9-10, 12, 14, 16-18, 21-23, and 25-28 Because They Are Incorporated into the Complaint and Are Otherwise Judicially Noticeable.**

As noted, Plaintiffs do not dispute that these exhibits are properly considered on a motion to dismiss. *Supra* at 1; Opp. to RJN at 8. Nor could they. Each of these exhibits is incorporated into the Amended Complaint and/or is otherwise judicially noticeable. RJN at 4-11. It is black-letter law that a court considering a Rule 12(b)(6) motion must consider such documents in evaluating the sufficiency of a complaint's allegations. *Supra* at 1. Moreover, in determining whether a plaintiff has sufficiently alleged fraud, a court must evaluate such materials to determine whether a plaintiff has impermissibly "cherry pick[ed] certain [] statements for [its] complaint" and "divorce[d] them from the universe of disclosed information," and to determine whether the alleged misrepresentations were false or misleading in context. *Greco v. Qudian Inc.*, 2022 WL 4226022, at *8 (S.D.N.Y. Sept. 13, 2022); *Dillard v. FBCS, Inc.*, 2020 WL 4937808, at *6 (E.D.N.Y. Aug. 24, 2020) (rejecting complaint's allegations that "amount[ed] to cherry-picking various portions" of the incorporated documents and "presenting them in a complaint deprived of

context"); *see also Kramer*, 937 F.2d at 773-74 (taking judicial notice of documents cited in complaint because "[w]ere courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure.").

Faced with this precedent, Plaintiffs only argue that the Court may not consider these documents for the "truth" of their contents. Opp. to RJN at 8. But Defendants are not asking the Court to consider these documents for their "truth." Rather, Defendants offer these documents to appropriately contextualize the Challenged Statements and Plaintiffs' falsity, scienter, and loss causation allegations. RJN at 1-4, 8-10. As reflected in the Motion to Dismiss, the Amended Complaint omits important context from several of the sources it cites.

For example, the Amended Complaint alleges that Mr. Ferdinand's April 16, 2024 statement that the Company was "in possession" of the James Hotel was false or misleading because the Company was not yet in possession. AC ¶¶ 164-165. Plaintiffs press this theory even though, in the very next sentence, Mr. Ferdinand stated that the Company "expect[ed] to take possession of" the James in the future. *Id.*; MTD at 9-10. The Amended Complaint omits, however, that analysts at the April 16, 2024 conference call clearly understood that the Company was not in possession of the James, and Mr. Kothari's statement that the Company expected to take possession later in the quarter. MTD at 10; Ex. 25 at 14 (Zacks Small-Cap Research: "And that's expected this quarter? Or can you comment on the timing of that?" Mr. Kothari: "Yes, I would expect this quarter."). This omitted information provides critical context for determining whether the April 16, 2024 statement is adequately pleaded as false or misleading (it is not).

Similarly, the Q1 2024 Form 10-Q, Restated Q1 2024 Form 10-Q, and ASC 606[2] provide further explanation of the accounting considerations that factored into its financial revisions, which provide necessary context for assessing whether (i) the original financial metrics required subjective judgment that rendered them opinions under the securities laws (they did); and (ii) whether the Restatement revealed any new information to the market regarding the "truth" of any alleged fraud (it did not). MTD at 15-16; Reply ISO MTD (Dkt. #49) at 10. The Amended Complaint omits key elements of these materials. MTD at 15-16; Reply ISO MTD at 5-6.

The Amended Complaint also fails to mention the cautionary language in LuxUrban's SEC filings or press releases that accompanied the forward-looking Challenged Statements. MTD at 14-15; Reply ISO MTD at 4-5. The Reform Act specifically requires the Court to consider these cautionary statements in determining whether the Reform Act's safe harbor applies to Defendants' forward-looking statements. *See* RJN at 2; 15 U.S.C. § 78u-5(e) ("the court shall consider . . . any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant").

Finally, the Amended Complaint omits critical context from the alleged corrective disclosures. For example, the Amended Complaint cites to a May 12, 2024 *Bisnow* article which stated that the owner of the Trinity Hotel purportedly stated that the "deal did not go through" and that an unnamed LuxUrban attorney described the lease as a "proposed lease." MTD at 9, 12-13. From this, Plaintiffs argue that the Company must have never signed the lease. Opp. to MTD (Dkt. #47) at 10. However, the Amended Complaint omits that the very same *Bisnow* article quoted Mr. Ferdinand as stating that the Company had indeed "fully executed a lease" but that the property

---

[2] *See* ASC 606 (cited at AC ¶¶ 175-178). Plaintiffs do not mention or object to consideration of ASC 606 in their Opposition to the RJN.

owner failed to "make the changes necessary for operating the hotel." MTD at 12-13. This context is critical for evaluating Plaintiffs' theory that the *Bisnow* article somehow disclosed that the Company never signed a lease for the Trinity Hotel.

Each of these exhibits (like the others Defendants submit) is incorporated by reference into the Amended Complaint and/or judicially noticeable, and provides important context for Plaintiffs' allegations. Accordingly, the Court should consider them in evaluating the sufficiency of the Amended Complaint and in considering Defendants' Motion to Dismiss.[3]

## II.    The Court Should Consider Exhibits 1, 5, 11, 13, 20, and 24.

Plaintiffs do not challenge that these exhibits—each of which is also incorporated by reference into the Amended Complaint and is otherwise a judicially noticeable document filed with the SEC—are proper materials to be considered on a motion to dismiss. Opp. to RJN at 3-4; RJN at 4-7. Instead, Plaintiffs incorrectly assert that Defendants are presenting certain parts of these materials (not discussed in the Amended Complaint) "for their truth." *Id*. As discussed, Defendants only present these materials to provide necessary context for Plaintiffs' allegations.

For instance, Plaintiffs challenge consideration of the Company's IPO prospectus (cited at AC ¶¶16, 20-21) for the assertion that LuxUrban's business model was attractive and successful during the COVID-19 pandemic. Opp. to RJN at 3 (citing Ex. 1). But Plaintiffs concede this (AC ¶ 27, Opp. to MTD at 2), and this information provides context for assessing, among other things, Defendants' mindset that they would be able to consummate transactions in the future, including with regard to the Four Hotels.

Plaintiffs also assert that the Company's disclosures concerning other hotels relate to the same general "subject matter" regarding the Four Hotels, such that the accuracy of the Company's

---

[3] Contrary to Plaintiffs' assertions, Defendants did assert that the materials incorporated by reference are integral to the Amended Complaint. RJN at 4; Opp. to RJN at 1 n.2.

disclosures regarding other hotels cannot be taken as true. Opp. to RJN at 3 (citing Exs. 5, 11, 13, and 24). But Plaintiffs do not contest that the Company secured leases and operated those other hotels. That the Company indisputably was operating these hotels provides necessary context about the Company's overall business model and operations, and is relevant for evaluating, among other things, Defendants' mindset that they would be able to consummate transactions in the future, including with regard to the Four Hotels. MTD at 4.

Relatedly, each of Exhibits 5, 11, and 13 (Forms 10-Q) contain the Company's "property summary" chart that was divided into two sections, with the top section listing hotels for which the Company already commenced operations and bottom section listing properties that were "under lease" but which had not commenced operations. MTD at 5-6. Those charts provide critical context for the Challenged Statements because they reflect that investors were aware of the status of the Four Hotel transactions, namely that the transactions had not been consummated. *Id.* These disclosures also provide context for the Company's later exclusion of the Four Hotels from the Company's property portfolio after the Company changed its announcement policy to only disclose transactions once they were completed. Ex. 24 at 5-6; MTD at 24. This information provides necessary context for evaluating whether the challenged statements describing the Four Hotels as "under lease" were false or misleading, made with scienter, and/or whether the subsequent exclusion of them from the Company's property portfolio can support loss causation.

Finally, Plaintiffs do not object to consideration of Ex. 20 (February 5, 2024 Form 8-K). Opp. to RJN at 4; AC ¶¶7, 46-50, 150-155, 200, 248-249. Instead, they object to Defendants' reading of that document, which Plaintiffs allege contained corrective information. Opp. to RJN at 4. While the Court may weigh any inferences to be derived from Exhibit 20, consideration of this incorporated and otherwise judicially noticeable document cannot seriously be contested. The

Court should also consider Exhibit 20 because it attaches the January 30, 2024 press release announcing the signing of the James lease which is incorporated by reference into the Amended Complaint. AC ¶¶150-155. The Amended Complaint omits that the press release quotes the James Hotel owner as confirming the transaction. MTD at 7-8. This information provides necessary context for evaluating whether the statements relating to the James are adequately pleaded as false or misleading, or whether the allegations can support a strong inference of scienter (they do not).

### III.    The Court Should Consider Exhibits 15 and 19.

Plaintiffs do not challenge that Exhibits 15 and 19 are proper subjects of judicial notice. Instead, Plaintiffs argue that the Court cannot consider Exhibit 15 (a December 5, 2023 Form 8-K) for its "truth to contradict the allegations in the [Amended Complaint]." Opp. to RJN at 5. But Defendants are not presenting Exhibit 15 for its "truth" and Plaintiffs' arguments otherwise fail. First, Plaintiffs only allege that because Mr. Kothari signed it, the Court cannot consider it for its truth. *Id.* But Plaintiffs do not dispute the accuracy of Exhibit 15 (which does not contain any of the challenged statements) or that the Company and Mr. Ferdinand had reached an agreement that he would gift "approximately $500,000" from his stock sales back to Company. Ex. 15 at 2; MTD at 20. Nor does this information contradict the factual allegations in the Amended Complaint. Defendants do not dispute that Mr. Ferdinand sold $569,164.01 worth of stock during the class period. MTD at 19. Instead, the information in Exhibit 15 provides necessary context for weighing whether those stock sales support a strong inference of scienter (they do not).

Plaintiffs also do not dispute that Exhibit 19 (the January 30, 2024 execution copy of the James Hotel lease) is judicially noticeable. Plaintiffs instead argue that materials "filed in another court" cannot be considered "for the truth of the matters asserted in other litigation," but only to establish the "fact of . . . such filings." Opp. to RJN at 6. That rule makes sense given that "matters asserted" by parties in litigation are—by their very nature—contested. However, the *fact* of the

signed James lease is not disputed, nor is the *fact* that it was filed on the public docket. Both facts provide critical context for evaluating whether Plaintiffs' conclusory allegations that the James lease never existed and was never signed on January 30, 2024 hold any water (clearly, they do not). *Jeffery v. City of New York*, 113 F.4th 176, 179 (2d Cir. 2024) ("attenuated allegations" in a complaint should be rejected where they are "contradicted . . . by facts of which we may take judicial notice") (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)).

Plaintiffs also improperly argue in their Opposition that the lease was signed on January 31, not January 30, and that the exhibit does not contain the signatures of unidentified guarantors. Opp. to RJN at 6. Plaintiffs' assertions are wrong and irrelevant. Plaintiffs are wrong because the lease stated in all capital letters at the top of the lease that it was the "Execution Draft 1/30/24" and it contained the signatures of both LuxUrban and the owner of the James Hotel. Ex. 19 at 1, 89-90. And Plaintiffs' entire theory is that the Company falsely disclosed that *the Company* had *signed* the lease on January 30, 2024 and has nothing to do with whether some unidentified guarantors signed the lease, which Plaintiffs do not challenge in any event. AC ¶¶150-155.

## IV.    The Court Should Consider Exhibits 7 and 8.

Plaintiffs also incorrectly assert that the Court may only consider Defendants' Forms 4 for the fact they were filed with the SEC. Opp. to RJN at 7. But the weight of authority in this Circuit and this Court's prior decisions establish that a court ruling on a motion to dismiss securities fraud claims may consider the stock transactions reported in Forms 4 in weighing whether a plaintiff has pleaded a "strong inference" of scienter. *See* RJN at 8; *see also Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 355 (2d Cir. 2022) (considering stock transactions reported in Forms 4 in scienter analysis); *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 174 (S.D.N.Y. 2023) (same) *Damri v. Liveperson, Inc.*, 2025 WL 863322 at *25 (S.D.N.Y. Mar. 19, 2025) (same).

Plaintiffs also disingenuously assert that Mr. Ferdinand's Forms 4 are not referenced in the Amended Complaint. Opp. to RJN at 7. However, the Amended Complaint refers extensively to Mr. Ferdinand's stock transactions (AC ¶¶196, 210-214), which are derived from the Forms 4, and Plaintiffs' failure to explicitly reference or attach them to the Amended Complaint does not mean they are not incorporated by reference or otherwise integral to the Amended Complaint. *Norales v. Acevedo*, 2022 WL 17958450, at *1 (2d Cir. Dec. 27, 2022).

Regarding Mr. Kothari, while the Amended Complaint does not reference his stock sales, the fact that he purchased and did not sell stock during the class period, as demonstrated by the judicially noticeable Forms 4, cuts against any inference of scienter. MTD at 19. Indeed, Second Circuit precedent holds that an increase in a defendant's stock holdings in a company negates any inference of motive or that defendants were in possession of undisclosed negative information about the company. *See, e.g., Bristol-Myers Squibb Co.*, 28 F.4th at 355 (scienter undermined where defendants "bought more shares than they sold during the putative class period"); *Avon Pension Fund v. GlaxoSmithKline PLC*, 343 F. App'x 671, 673 (2d Cir. 2009) (an increase in defendants' holdings "signals only [their] confidence in the future of . . . and, by extension, in the commercial success of" the company). There is no reason for the Court to ignore these judicially noticeable documents—the contents of which are not disputed—which provide helpful and necessary context for assessing whether Mr. Kothari acted with scienter.

## CONCLUSION

For the reasons set forth above and in the Request for Judicial Notice, Defendants respectfully request that the Court consider the documents attached as Exhibits 1-28 to the Declaration of Douglas W. Greene, or otherwise described in the Request for Judicial Notice, in support of Defendants' Motion to Dismiss the Amended Complaint.

Dated: March 27, 2025

Respectfully Submitted,

**BAKER & HOSTETLER LLP**

*/s/ Douglas W. Greene*
Douglas W. Greene (*Pro Hac Vice*)
Zachary R. Taylor
45 Rockefeller Plaza
New York, NY 10111-0100
Phone: 212-589-4200
dgreene@bakerlaw.com
ztaylor@bakerlaw.com

*Attorneys for Defendants LuxUrban Hotels Inc.,*
*Brian Ferdinand, and Shanoop Kothari*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)</u>

Pursuant to Local Civil Rule 7.1(c), I hereby certify that on March 27, 2025, I electronically filed the foregoing Reply in Support of Defendants' Motion to Dismiss the Amended Complaint. As measured by the word processing system used to prepare it, the memorandum has a word count of 3,342 and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

**BAKER & HOSTETLER LLP**

By:    _/s/ Douglas W. Greene_
Douglas W. Greene