UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZCAP EQUITY FUND LCC *and*
ROSS MARCHETTA, *individually and on behalf of all others similarly situated*,

                                Plaintiffs,

-v-

LUXURBAN HOTELS INC.,
BRIAN FERDINAND, *and*
SHANOOP KOTHARI,

                                Defendants.

24 Civ. 1030

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On September 22, 2025, defendant LuxUrban Hotels Inc.'s ("LuxUrban") filed a notice of suggestion of Chapter 11 bankruptcy. *See* Dkt. 57. The Court therefore stays this action as to LuxUrban, under 11 U.S.C. § 362.

However, no suggestion of bankruptcy has been filed as to defendants Brian Ferdinand and Shanoop Kothari (the "individual defendants"). Automatic stays under 11 U.S.C. § 362 are generally "limited to debtors and do not encompass non-bankrupt co-defendants." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (quoting *Teachers Insurance and Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). In limited circumstances, automatic stays can apply to non-debtors, "but normally . . . only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.* at 287–88 (examples include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.'" (citation omitted)).

The Court therefore directs plaintiffs and the individual defendants to file letters addressing whether this action should also be stayed as to Ferdinand and Kothari. The letters should address whether the claims against either or both individual defendants will have any immediate adverse consequences for LuxUrban's estate. The individual defendants will file their letter(s), which may be joint or separate, by October 1, 2025. Plaintiffs will file their response by October 8, 2025. Each letter should not exceed five single-spaced pages.

In light of the above, the Court adjourns the in-person initial pretrial conference from October 2, 2025 to October 15, 2025 at 11 a.m. In addition to filing pretrial conference materials in accordance with the Court's Individual Rule 2(B), the parties should be prepared to address, at the conference, whether this action should be stayed as to the individual defendants.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 24, 2025
       New York, New York