UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZCAP EQUITY FUND LLC and ROSS MARCHETTA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI,<br><br>Defendants. | No. 1:24-cv-01030-PAE<br><br>[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

     This Civil Case Management Plan (the "Plan") is submitted by the parties[1] in accordance with Fed. R. Civ. P. 26(f)(3) and the Court's order of August 13, 2025 (ECF No. 54).

1.     All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.     This case is to be tried to a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4.     Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than 30 days from the date of this Order.

---

[1] On September 14, 2025, Defendant LuxUrban Hotels Inc ("LuxUrban") filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York. *In re LuxUrban Hotels Inc.*, No. 25-bk-12000 (Bankr. S.D.N.Y.); *see also* ECF No. 57 (notice of suggestion of bankruptcy). Under 11 U.S.C. § 362(a)(1), the filing of that petition "operates as a stay" of a judicial action against the debtor "that was . . . commenced before the commencement of the" bankruptcy case. As detailed in their letter to the Court dated October 1, 2025, Defendants Brian Ferdinand and Shanoop Kothari (who have not filed for bankruptcy) contend that this stay of litigation should also apply to them. Lead Plaintiffs disagree, as detailed in their letter to the Court dated October 8, 2025. This proposed case management plan is intended to apply only in the event that this action continues against either of Defendants Ferdinand or Kothari. Moreover, Lead Plaintiffs reserve their rights to seek to lift any stay in order to prosecute their claims or seek discovery.

5.    All fact discovery shall be completed no later than September 30, 2026.

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

   a.    Initial requests for production of documents to be served by November 21, 2025.

   b.    Interrogatories to be served by June 30, 2026.

   c.    Depositions to be completed by September 30, 2026.

   d.    Requests to Admit to be served no later than June 30, 2026.

   e.    Document production shall be made on a rolling basis with document production substantially completed by May 15, 2026, and fully completed by June 15, 2026.

   f.    The Parties may serve supplemental Requests to Admit or Interrogatories by August 14, 2026, provided that they are based solely on information obtained on or after June 30, 2026.

7.    Expert Discovery

   a.    Merits expert reports of the party with the burden of proof shall be served no later than November 13, 2026.

   b.    Merits expert reports of the opposing party shall be served no later than January 13, 2027.

   c.    Reply expert reports shall be served no later than February 12, 2027.

   d.    All expert discovery shall be completed no later than ~~September~~ June 30, 2027.

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment or for the exclusion of expert testimony will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 7(d), *i.e.*, the close of expert discovery. The schedule for Lead Plaintiffs' motion for class

certification shall be:[2]

    a.    Lead Plaintiffs' motion for class certification, including any supporting expert reports, will be filed by January 16, 2026.

    b.    Discovery relating to Lead Plaintiffs' motion for class certification and supporting expert reports, including deposition of Lead Plaintiff's class certification expert(s), to be completed by March 17, 2026.

    c.    Defendants' oppositions to Lead Plaintiffs' class certification motion, including any supporting expert reports will be filed by April 16, 2026.

    d.    Discovery relating to Defendants' opposition and supporting expert reports, including deposition of Defendants' class certification expert(s), to be completed by June 15, 2026.

    e.    Lead Plaintiffs' Reply in support of Class Certification, including any supporting expert rebuttal reports, will be filed by July 15, 2026.

*f. Oral argument on the class certification motions is scheduled for August 4, 2026, at 2. P.M* [handwritten]

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    Alternative Dispute Resolution Mechanisms

    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed to meet again in future regarding the details of such an exchange.

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose that, should the parties agree to pursue alternative dispute resolution, they shall retain a private mediator.

    c.    Counsel for the parties recommend that private mediation be conducted in spring of 2026.

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Order date is thirty (30) days following the close of expert

---

[2] Defendants reserve their rights to potentially seek (i) discovery concerning any expert rebuttal reports submitted with Lead Plaintiffs' Reply in support of class certification, including deposition of those experts, and/or (ii) leave to file a sur-reply in opposition to Lead Plaintiffs' class certification motion, including supporting expert rebuttal reports. Lead Plaintiffs also reserve their rights with respect to any sur-reply that Defendants are granted leave to file.

discovery or the Court's decision on any summary judgment motions filed by the Parties (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is 10 days.

13. Other Rule 26(f) Topics:

   a. Pursuant to Rule 26(f)(3)(C), the Parties have considered electronic discovery related issues and have agreed to negotiate a protocol regarding discovery of electronically-stored information ("ESI"), which the Parties will submit to the Court in the form of a proposed order. Lead Plaintiffs seek assurances from defense counsel that Defendant LuxUrban will preserve all discoverable information relevant to this action during the pendency of its Chapter 11 bankruptcy proceeding.

   b. Pursuant to Rule 26(f)(3)(D), the Parties will negotiate a separate confidentiality stipulation that will be filed with the Court, which will address privilege issues, including the procedure for asserting privilege claims after production.

   c. Pursuant to Rule 26(f)(3)(E), the Parties have considered "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed." The Parties agree to meet and confer regarding whether any changes should be made in the limitations on discovery imposed under these rules or by local rule, and regarding what other limitations should be imposed. The Parties agree to accept electronic service of any discovery materials (including discovery requests) or pleadings in connection with the Action.

   d. Pursuant to Rule 26(f)(3)(F), the Parties respectfully submit that, excepting an order regarding the proposed stipulated ESI protocol and proposed confidentiality order that the Parties will file, no other orders of the Court under Rule 26(c) or under Rule 16(b) and (c) are warranted at this time.

--------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.    [Other]

15.    The next Case Management Conference is scheduled for _July 29, 2027_ at _3 p.m._

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_Paul A. Engelmayer_
_____
Paul A. Engelmayer
United States District Judge

_October 15, 2025_
Dated: New York, New York
_____