UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZCAP EQUITY FUND *et al.*,

                                              Plaintiffs,

                            -v-

LUXURBAN HOTELS INC. *et al.*,

                                              Defendants.

24 Civ. 1030 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

At yesterday's initial conference, the Court denied the motion by defendants Brian Ferdinand and Shanoop Kothari (the "individual defendants") to stay this action as to them on the ground that the claims against co-defendant LuxUrban Hotels Inc. ("LuxUrban") were automatically stayed as a result of its filing for bankruptcy. This Order sets forth the reasons for that decision.

**I.    Background**

The Court assumes familiarity with this case, in which plaintiffs claim violations of the Securities Exchange Act of 1934 and Rule 10b–5, based on defendants' allegedly false public narratives as to LuxUrban's growth.[1]

On September 24, 2025, the Court stayed this action as to LuxUrban, under 11 U.S.C. § 362(a), based on the company's notice that it had filed for Chapter 11 bankruptcy. Dkt. 57. On October 1, 2025, the individual defendants asked the Court to extend the bankruptcy stay as to them or, alternatively, to issue a discretionary stay. Dkts. 59–60. Plaintiffs opposed. Dkt. 61.

---

[1] On July 25, 2025, the Court largely denied defendants' motion to dismiss the Amended Complaint. *See generally* Dkt. 51.

At yesterday's conference, the Court denied this request, and set a case management plan governing fact and expert discovery and class certification motions. See Dkt. 65.

## II. Discussion

The individual defendants have not shown that allowing litigation to proceed as to them would negatively impact LuxUrban's estate.

Stays under section 362(a) are generally "limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Insurance and Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). They may be extended to a non-debtor "only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003) (examples include claims to establish obligations of which debtor is a guarantor; claims against debtor's insurer; and actions where debtor and non-debtor share such identity that debtor "may be said to be the real party defendant"). Courts in this Circuit "regularly refuse[] to extend a debtor corporation's § 362(a) stay to its non-debtor officers and principals." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004).

No such showing has been made here. Defense counsel (who represents the individual defendants and LuxUrban) represented yesterday that the individual defendants are covered by primary and excess insurance policies, including "D&O" policies covering directors and officers, that total at least $15 million. Counsel also represented that the insurers have begun the process of advancing legal fees to the individual defendants. The formidable insurance coverage on which these defendants can draw for legal expenses assures that, for the foreseeable future, LuxUrban's estate will not suffer immediate economic harm from the costs of litigation against the individual defendants. *See, e.g.*, *In re FPSDA I, LLC*, No. 10-75439, 2012 WL 6681794, at

\*11 (Bankr. E.D.N.Y. Dec. 21, 2012) (insurance coverage may avoid potential adverse economic effect on debtor's estate); *In re Uni-Marts, LLC*, 399 B.R. 400, 416–17 (Bankr. D. Del. 2009) (no extension of stay to non-debtor because debtor's D&O policy "negated any likely financial impact on the [debtor's] estate from the litigation").

The individual defendants' other arguments of harm to the estate are not persuasive. They first argue that adverse rulings as to them could be imputed to LuxUrban under principles of collateral estoppel. The Second Circuit has foreclosed this as a basis for extending a bankruptcy stay. *See Saraf v. Ebix, Inc.*, 2024 WL 1298246, at \*1 n.1 (2d Cir. Mar. 27, 2024) ("As we have held, the fact that deciding the non-debtors' appeal would effectively decide the debtor's stayed appeal is no basis to extend the automatic stay to the non-debtors." (quoting *Queenie*, 321 F.3d at 288) (cleaned up)); *Queenie*, 321 F.3d at 288 ("If [the effects of collateral estoppel on a debtor] could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants.").

Second, they note, LuxUrban's bylaws obligate the company to indemnify the individual defendants for the costs of defending this action. But those obligations do not stand to have any consequence in the foreseeable future. As defense counsel acknowledged, the costs of defending this action will be covered by insurance indefinitely. And the individual defendants have not shown that continued litigation as to them will otherwise cost LuxUrban monetarily or impede its reorganization. *See In re SDNY 19 Mad Park, LLC*, No. 14-11055, 2014 WL 4473873, at \*2 (Bankr. S.D.N.Y. Sept. 11, 2014) ("The fact that a Debtor may have to indemnify a third-party is alone not a sufficient basis to extend the automatic stay to that party because the justification for extending the stay 'must be consistent with the purpose of the stay itself, [which is] to suspend

3

actions that pose a serious threat to a corporate debtor's reorganization efforts.'" (citation omitted)).

The Court thus denies the individual defendants' motion to extend the automatic bankruptcy stay to the claims against them.[2]

## CONCLUSION

For the reasons above, the Court denies the motion by individual defendants for a stay of this action as to the claims against them.[3]

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: October 16, 2025
         New York, New York

---

[2] For related reasons, the Court denies the individual defendants' request for a discretionary stay. Plaintiffs, the Court has held, have brought plausible claims, and their interests in proceeding expeditiously outweigh the burden on these defendants. *See Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013). And because individual defendants have not shown a negative financial impact on LuxUrban's estate from the denial of a stay as to them, a stay would further neither the public interest in facilitating LuxUrban's reorganization nor LuxUrban's own interests. *See FPSDA I*, 2012 WL 6681794, at *11.

[3] The stay as to LuxUrban under section 362(a) in its capacity as a party does not, of course, preclude plaintiffs from taking discovery from the company in its capacity as a third-party witness. *See, e.g., Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20 Civ. 9612, 2023 WL 3568807, at *2 (S.D.N.Y. May 18, 2023) (allowing plaintiff to subpoena bankrupt defendant, notwithstanding stay as to it under section 362(a), for testimony and documents for use against non-debtor co-defendants); *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, No. 13 Civ. 4650, 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014) (same).