UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZCAP EQUITY FUND LLC *et al.*,

                        Plaintiffs,

           -v-

LUXURBAN HOTELS INC. *et al.*,

                        Defendants.

24 Civ. 1030 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Defendants LuxUrban Hotels Inc. ("LuxUrban"), Brian Ferdinand, and Shanoop Kothari have moved for reconsideration or, alternatively, certification of an interlocutory appeal of the Court's recent decision largely denying defendants' motion to dismiss the Amended Complaint ("AC"). For the following reasons, the Court denies the present motion.

I. **Background**

The Court assumes familiarity with this putative class action, in which plaintiffs claim violations of the Securities Exchange Act of 1934 and Rule 10b–5, based on defendants' allegedly false public narratives as to LuxUrban's growth.

On July 25, 2025, the Court largely denied defendants' motion to dismiss the AC under Federal Rule of Civil Procedure 12(b)(6). Dkt. 51 ("MTD Decision" or "Op.") at 2. It granted the motion only as to a limited subset of statements challenged in the AC. *See id.*

On August 8, 2025, defendants moved for reconsideration or, alternatively, certification for interlocutory appeal of the MTD Decision. Dkts. 52–53. On August 25, 2025, plaintiffs opposed. Dkt. 55. On September 2, 2025, defendants replied. Dkt. 56.

## II. Applicable Legal Standards

### A. Reconsideration Under Federal Rule of Civil Procedure 54(b) and Local Rule 6.3

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made "reflexively [to] reargue those issues already considered when a party does not like the way the original motion was resolved." *S.E.C. v. Neto*, 27 F. Supp. 3d 434, 439 (S.D.N.Y. 2014) (quoting *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011)).

### B. Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Certification for interlocutory appeal requires the moving party to show that an order (1) "involves a controlling question of law," as to which (2) "there is substantial ground for difference of opinion," and (3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 391 (S.D.N.Y. 2019) (quoting 28 U.S.C. § 1292(b)). The Second Circuit has held that certifications should be "strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 337 (S.D.N.Y. 2012) (quoting *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)), *aff'd*, 712 F.3d 136 (2d

Cir. 2013). "Even where the three legislative criteria of Section 1292(b) appear to be met, district courts retain unfettered discretion to deny certification if other factors counsel against it." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (cleaned up).

### III.    Discussion

In urging reconsideration, defendants argue that the MTD Decision: (1) did not adequately consider the context of statements it found plausibly alleged to be false or misleading; (2) overlooked facts that undermined the AC's allegations concerning an unnamed source; and (3) in finding scienter adequately pled as to certain statements, did not weigh competing inferences. Dkt. 53 at 5. In urging certification, defendants argue that the Court should certify the MTD Decision's holding as to scienter for interlocutory appeal and stay discovery pending that appeal. *Id.*

#### A.    Reconsideration

##### 1.    The MTD Decision Considered the Full Context of Defendants' Statements as to Certain Hotel Leases

Defendants argue that the Court erred in finding the AC to adequately allege the falsity of LuxUrban's statements as to its growth because a reasonable investor would have understood that signing master lease agreements ("MLAs") for certain hotels did not mean that those transactions were fully closed. *Id.* at 7. They assert that the MTD Decision overlooked other statements by LuxUrban that ostensibly conveyed that an executed MLA did not guarantee that the property was operational. *Id.* at 8–10. And they argue that the Court erred in taking literally defendants' statements that they were "in possession" of the James Hotel, given other statements on an earnings call that, they contend, suggested the opposite. *Id.* at 10–11. Defendants thus argue that the Court misapplied the teaching of *Omnicare, Inc. v. Laborers District Council*

3

*Construction Industry Pension Fund* to assess, "fairly and in context," and from the perspective of a reasonable investor, allegedly false or misleading statements. *Id.* at 6, 11 (citing 575 U.S. 175, 190, 194 (2015)).

These arguments rehash those that the MTD Decision expressly considered and rejected. It considered defendants' argument that "'under lease' is a term of art used in MLA transactions to describe transactions *before* they are 'fully executed.'" Op. at 34–35 (emphasis in original) (quoting Defs.' Mot. to Dismiss at 17). It found that suggestion "at war with the actual words defendants used contemporaneously," including "consummated" and "acquired." *Id.* at 35. And it rejected defendants' attempt to distinguish between the signing of a lease and the consummation of a transaction. As the MTD Decision recognized, the AC alleged that LuxUrban issued a press release on November 30, 2023, which stated that it had "signed" a 25-year MLA to operate the Royalton Hotel. *Id.* at 29–30 (citing AC ¶ 128). And, it noted, after it was publicly reported that no such lease had been signed, defendants withdrew their prior statements as to the Royalton. *Id.* (citing AC ¶¶ 37–38, 49). The MTD Decision also engaged with, but rejected, defendants' argument that the AC did not viably allege that LuxUrban had falsely represented that it had added the James Hotel to its property portfolio. Op. at 32–35.

Defendants' above arguments thus relitigate issues the MTD Decision resolved. That does not justify reconsideration.

      **2.**    **The MTD Decision Properly Weighed Allegations Concerning a Short-Seller Report in Determining that Plaintiffs Adequately Pled Falsity**

Defendants next argue, in a half-page, that the Court erred by crediting the AC's allegations of falsity, insofar as those tracked a short-seller report (the "Bleecker report") that attributed certain statements to an unnamed source whom it identified as the owner of the

4

Royalton Hotel. Dkt. 53 at 11–12. Defendants also impugn the reliability of those statements by contending, for the first time, that the Royalton's owner was not a person but, rather, a corporate entity. *Id.*

This argument, too, recycles defendants' motion to dismiss, and is wrong for the reasons the Court previously articulated. The MTD Decision acknowledged that "factual statements by short-sellers must be viewed with skepticism when cited in a securities fraud lawsuit as a basis for claiming falsity of an issuer's statements." Op. at 33 (citing *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 801 (S.D.N.Y. 2020) and *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 154 (S.D.N.Y. 2023)). But here, it concluded, falsity was adequately alleged because there were independent factual allegations that corroborated those in the Bleecker report. *Id.* at 33–34. LuxUrban's own statements, for example, "effectively confirmed" the Bleecker report's representations. *Id.* Insofar as defendants make a new argument regarding the Royalton's corporate structure, that argument—apart from lacking evident significance—is inappropriately made, because a motion for reconsideration cannot advance "arguments not previously presented to the Court." *Davidson*, 172 F. Supp. 2d at 461 (citing *Shrader*, 70 F.3d at 257).

### 3. The MTD Decision Weighed Competing Inferences as to Scienter, and Thus Correctly Applied Controlling Precedent

Defendants next argue that the MTD Decision erred in finding scienter adequately pled as to individual defendants Ferdinand and Kothari because, they contend, (1) the circumstances of the MLA process with respect to the hotel properties do not support an inference of recklessness, and (2) the Court did not adequately weigh certain factors indicative of a lack of scienter. Dkt. 53 at 12–14. Defendants thus claim that the Court misapplied *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), and related cases. *Id.*

5

This argument also seeks to relitigate matters previously, and correctly, decided. Defendants' assertion that "the full context" of the individual defendants' statements as to the MLAs "cannot suggest recklessness at all," *id.* at 13, is an unexplained *ipse dixit*. And it overlooks the Court's analysis in holding to the contrary. Defendants also fault the Court for not mentioning certain facts ostensibly giving rise to nonculpable inferences, including those related to the individual defendants' stock ownership, departures from LuxUrban, and boilerplate risk disclosures. *Id.* at 13–14. These arguments were made in their motion to dismiss but rejected by the Court. *See* Op. at 43–45; *see also Ferrand v. Credit Lyonnais*, 292 F. Supp. 2d 518, 521–22 (S.D.N.Y. 2003) ("[T]hat the Court did not specifically reference every factual detail or incident . . . does not necessarily establish that the Court did not consider that particular matter."). And defendants ignore that, although an inference of scienter must be "cogent and compelling," it "need not be irrefutable," under the standards set in *Tellabs*. *See* Op. at 42 (citing *Tellabs*, 551 U.S. at 324). There is no basis to reconsider the MTD Decision on this point. *See City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013) (denying reconsideration of *Tellabs* scienter analysis where court had already rejected asserted competing inferences).

### 4. Overall Assessment

In sum, defendants' motion for reconsideration merely "repeat[s] old arguments previously rejected." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). The Court denies it. *See, e.g.*, *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Sjunde AP-Fonden v. Gen. Elec. Co.*, 722 F. Supp. 3d 347, 351–52 (S.D.N.Y. 2024) (denying

reconsideration where movant repeated rejected arguments); *Goonan v. Fed. Rsrv. Bank of N.Y.*, No. 12 Civ. 3859, 2013 WL 1386933, at *2–3 (S.D.N.Y. Apr. 5, 2013) (same).

### B.    Interlocutory Appeal

Defendants alternatively move for certification for interlocutory appeal, on the grounds that (1) the Second Circuit has not explicitly decided whether plaintiffs can plead scienter through circumstantial evidence of recklessness, and (2) the holding that the circumstantial evidence alleged here adequately pled scienter conflicts with *Tellabs*. Dkt. 53 at 15.

Both arguments fail. The Second Circuit long ago held that "scienter can be established by alleging facts to show *either* (1) that defendants had the motive and opportunity to commit fraud, *or* (2) *strong circumstantial evidence of conscious misbehavior or recklessness*." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) (emphasis added); *see also Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 168–69 (2d Cir. 2000); *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000). And defendants' second argument simply repackages their errant claim that the MTD Decision's scienter analysis misapplied *Tellabs*. Defendants' bid to certify this fact-bound holding fails all three necessary criteria for interlocutory appeal. *See, e.g.*, *In re Acetaminophen – ASD-ADHD Prods. Liab. Litig.*, No. 22 Civ. 8830, 2023 WL 4976589, at *4 (S.D.N.Y. Aug. 3, 2023) (denying interlocutory appeal where decision applied controlling precedent); *In re Goldman Sachs Grp., Inc. Sec. Litig.*, No. 10 Civ. 3461, 2014 WL 5002090, at *1 (S.D.N.Y. Oct. 7, 2014) (same).

## CONCLUSION

For the above reasons, the Court denies defendants' motion for reconsideration and for certification for interlocutory appeal.[1]

The Clerk of the Court is respectfully directed to terminate the motion pending at docket 52.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 21, 2025
 New York, New York

---

[1] On September 24, 2025, the Court stayed this action as to LuxUrban under 11 U.S.C. § 362, based on the company's filing for bankruptcy. Dkt. 58. On October 15, 2025, the Court denied the individual defendants' motion to extend the automatic bankruptcy stay as to them. *See* Dkt. 66. Accordingly, the present decision applies to the individual defendants but not to LuxUrban, as to which this action remains stayed.