**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ZCAP EQUITY FUND LLC and ROSS MARCHETTA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LUXURBAN HOTELS INC., BRIAN FERDINAND, and SHANOOP KOTHARI, <br><br><br> Defendants. | Case No.: 1:24-cv-01030-PAE |

**DEFENDANTS BRIAN FERDINAND AND SHANOOP KOTHARI'S**
**ANSWER TO THE AMENDED CLASS ACTION COMPLAINT**

Defendants Brian Ferdinand ("Ferdinand") and Shanoop Kothari ("Kothari") (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer to the Amended Class Action Complaint For Violations of the Federal Securities Laws (the "Complaint"; Dkt. #30) filed by Lead Plaintiffs zCap Equity Fund LLC and Ross Marchetta ("Plaintiffs").

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the headings, subheadings, and footnotes contained within the Complaint; specifically deny any liability to Plaintiffs and any members of the putative class that Plaintiffs purport to represent; and deny that any of the claims asserted against Defendants may properly be maintained as a class action.

Defendants further respond to the specific allegations in the Complaint as follows:

1. Defendants admit that Paragraph 1 purports to describe Plaintiffs' claims. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in

Paragraph 1.

2.      Defendants admit that Paragraph 2 purports to describe Plaintiffs' claims. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that the allegations in Paragraph 3 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that the allegations in Paragraph 4 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants admit that the allegations in Paragraph 6 appear to quote and characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 6 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny such allegations in Paragraph 6. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 6.

7.      Defendants admit that the allegations in Paragraph 7 appear to quote and characterize statements contained in publicly available documents, including LuxUrban's press release issued on February 2, 2024, which speak for themselves. To the extent the allegations of Paragraph 7 state legal conclusions, no response is required or appropriate. To the extent a response

is required, Defendants deny such allegations in Paragraph 7. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 7.

8. Defendants admit that the Company filed a Form 10-Q on May 13, 2024, which speaks for itself, and Defendants deny all other allegations contained in Paragraph 8. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 8, and therefore the allegations in Paragraph 8 cannot form the basis for Plaintiffs' claims.

9. Defendants admit that the allegations in Paragraph 9 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 9 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 9. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 9.

10. Defendants admit that Paragraph 10 purports to describe Plaintiffs' claims. To the extent the allegations in Paragraph 10 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 10. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 10.

11. To the extent the allegations in Paragraph 11 state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 11, except admit that this Court has jurisdiction over claims properly asserted under Sections 10(b) and 20(a) of the Exchange Act.

12. To the extent the allegations in Paragraph 12 of the Complaint state legal

conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 12, except admit that venue in this District is proper.

13.     To the extent the allegations in Paragraph 13 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny such allegations contained in Paragraph 14.

15.     Defendants admit to the description of Defendant LuxUrban contained in Paragraph 15 of the Complaint, to the extent it purports to describe LuxUrban prior to LuxUrban's filing for bankruptcy.

16.     Defendants admit that Paragraph 16 appears to quote and characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that Paragraph 17 appears to characterize statements contained in publicly available documents, which speak for themselves. Except as expressly admitted, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit to the extent in Paragraph 18 Plaintiffs purport to refer to Defendants Ferdinand and Kothari collectively as the "Individual Defendants," and with the Company as the "Defendants" in the Complaint.

19.     Defendants admit that the allegations in Paragraph 19 appear to characterize

statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 19.

20. Defendants admit that the allegations in Paragraph 20 appear to quote and characterize statements contained in publicly available documents, including LuxUrban's IPO Prospectus filed August 15, 2022, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 20.

21. Defendants admit that the allegations in Paragraph 21 appear to quote and characterize statements contained in publicly available documents, including LuxUrban's IPO Prospectus filed August 15, 2022, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 21.

22. Defendants admit that the allegations in Paragraph 22 appear to reference statements contained in publicly available documents, including a draft registration statement the Company filed with the SEC on December 6, 2021, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 22.

23. Defendants admit that the allegations in Paragraph 23 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 23.

24. Defendants admit that the allegations in Paragraph 24 appear to quote and characterize statements contained in publicly available documents, including LuxUrban's IPO Prospectus filed August 15, 2022, which speak for themselves. Except to the extent expressly

admitted or otherwise described herein, Defendants deny the allegations in Paragraph 24.

25.    Defendants admit that the allegations in Paragraph 25 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 25.

26.    Defendants admit that the allegations in Paragraph 26 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 26.

27.    Defendants admit that the allegations in Paragraph 27 appear to characterize statements contained in publicly available documents, including LuxUrban's Form 8-K filed May 10, 2023, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 27.

28.    Defendants admit that the allegations in Paragraph 28 appear to quote statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 28.

29.    Defendants admit that the allegations in Paragraph 29 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that the allegations in Paragraph 30 appear to quote and characterize statements contained in publicly available documents, including the Form 10-Q filed

by LuxUrban with the SEC on May 9, 2023, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations contained in Paragraph 30.

31.    Defendants admit that the allegations in Paragraph 31 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations contained in Paragraph 31.

32.    Defendants admit that the allegations in Paragraph 32 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations contained in Paragraph 32.

33.    Defendants admit that the allegations in Paragraph 33 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations contained in Paragraph 33.

34.    Defendants admit that the allegations in Paragraph 34 appear to characterize statements contained in publicly available documents, including the Form 8-K that LuxUrban filed with the SEC on November 9, 2023, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 34.

35.    Defendants admit that the allegations in Paragraph 35 of the Complaint appear to quote and characterize statements contained in publicly available documents, including LuxUrban's November 30, 2020 press release, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in

Paragraph 35.

36.     Defendants admit that the allegations in Paragraph 36 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 36.

37.     Defendants admit that the allegations in Paragraph 37 appear to quote and characterize statements contained in a short seller report, published on January 17, 2024, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 37.

38.     Defendants admit that the allegations in Paragraph 38 appear to quote and characterize statements contained in a short seller report, published on January 17, 2024, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that the allegations in Paragraph 39 appear to quote and characterize statements contained in a short seller report, published on January 17, 2024, which speaks for itself. To the extent the allegations in Paragraph 39 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 39.

40.     Defendants admit that the allegations in Paragraph 40 appear to quote and characterize statements contained in a short seller report, published on January 17, 2024, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 40. Defendants further note that the Court's Order dated July 25,

2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 40, and therefore the allegations in Paragraph 40 cannot form the basis for Plaintiffs' claims.

41.    Defendants admit that the allegations in Paragraph 41 appear to quote and characterize statements contained in a short seller report, published on January 17, 2024, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 41. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 41, and therefore the allegations in Paragraph 41 cannot form the basis for Plaintiffs' claims.

42.    Defendants admit that the allegations in Paragraph 42 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 42. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 42, and therefore the allegations in Paragraph 42 cannot form the basis for Plaintiffs' claims.

43.    Defendants admit that the allegations in Paragraph 43 of the Complaint reference and selectively quote from LuxUrban's January 17, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 17, 2024 press release referenced in Paragraph 43 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 43. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 43.

44.    Defendants admit that the allegations in Paragraph 44 of the Complaint reference and selectively quote from LuxUrban's January 17, 2024 press release, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the

9

allegations in Paragraph 44.

45.   Defendants admit that the allegations in Paragraph 45 appear to characterize publicly available information, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 45.

46.   Defendants admit that Plaintiffs appear to reference and selectively quote from the Company's January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 46 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 46. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 46.

47.   Defendants admit that Plaintiffs appear to reference and selectively quote from the Company's January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 47 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 47. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 47.

48.   Defendants admit that Plaintiffs appear to reference and selectively quote from the Company's January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 48 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 48. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 48.

49.   Defendants admit that Plaintiffs reference and selectively quote from the Form 8-

K filed by LuxUrban with the SEC on February 5, 2024, which speaks for itself. Defendants respectfully refer the Court to the February 5, 2024 Form 8-K referenced in Paragraph 49 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 49. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 49.

50.　Defendants admit that the allegations in Paragraph 50 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 50.

51.　Defendants admit that the allegations in Paragraph 51 appear to characterize statements contained in publicly available documents, which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, deny them.

52.　Defendants admit that the allegations in Paragraph 52 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 52 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 52.

53.　Defendants admit that the allegations in Paragraph 53 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that the allegations in Paragraph 54 reference and selectively quote from the Form 10-K that LuxUrban filed with the SEC on April 15, 2024, which speaks for itself. Defendants respectfully refer the Court to the April 15, 2024 Form 10-K referenced in Paragraph 54 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 54. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 54.

55.     Defendants admit that the allegations in Paragraph 55 appear to quote from and characterize statements in publicly available documents, including a transcript of an earnings call that LuxUrban held on April 16, 2024, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that the allegations in Paragraph 56 appear to characterize statements contained in publicly available documents, which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and, on that basis, deny them. Except to the extent expressly admitted or otherwise stated herein, Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants admit that the allegations in Paragraph 57 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise stated herein, Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants admit that the allegations in Paragraph 59 appear to characterize statements contained in publicly available documents, including a Q1 2024 Form 10-Q that LuxUrban filed with the SEC on May 13, 2024, which speak for themselves. Defendants

12

respectfully refer the Court to the Q1 2024 Form 10-Q referenced in Paragraph 59 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 59. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 59. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 59, and therefore the allegations in Paragraph 59 cannot form the basis for Plaintiffs' claims.

60.    Defendants deny the allegations in Paragraph 60.

61.    Defendants admit that the allegations in Paragraph 61 appear to quote from and characterize statements contained in publicly available documents, including LuxUrban's press release dated June 3, 2024, which speak for themselves. Defendants respectfully refer the Court to the June 3, 2024 press release, referenced in Paragraph 61 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 61. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 61.

62.    Defendants admit the allegations in Paragraph 62 of the Complaint.

63.    Defendants admit that the allegations in Paragraph 63 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 63.

64.    Defendants admit that the allegations in Paragraph 64 appear to characterize statements contained in publicly available documents, including a June 11, 2024 press release issued by LuxUrban, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 64.

65.    Defendants admit that the allegations in Paragraph 65 appear to characterize statements contained in publicly available documents, including a June 27, 2024 press release issued by LuxUrban, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 65.

66.    Defendants admit that the allegations in Paragraph 66 appear to characterize publicly available information, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 66.

67.    Defendants admit that the allegations in Paragraph 67 appear to characterize statements contained in publicly available documents, including an August 9, 2024 press release issued by LuxUrban, which speak for themselves. Defendants respectfully refer the Court to the August 9, 2024 press release, referenced in Paragraph 67 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 67. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 67. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 67, and therefore the allegations in Paragraph 67 cannot form the basis for Plaintiffs' claims.

68.    Defendants admit that the allegations in Paragraph 68 appear to selectively quote from an August 9, 2024 press release issued by LuxUrban, which speaks for itself. Defendants respectfully refer the Court to the August 9, 2024 press release, referenced in Paragraph 68 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 68. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 68, and therefore the allegations in Paragraph 68 cannot form the basis for Plaintiffs' claims.

69.    Defendants admit that the allegations in Paragraph 69 appear to characterize publicly available information, which speaks for itself. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 69, and therefore the allegations in Paragraph 69 cannot form the basis for Plaintiffs' claims.

70.    Defendants admit that the allegations in Paragraph 70 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 70. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 70, and therefore the allegations in Paragraph 70 cannot form the basis for Plaintiffs' claims.

71.    Defendants admit that the allegations in Paragraph 71 appear to characterize publicly available information, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 71. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 71, and therefore the allegations in Paragraph 71 cannot form the basis for Plaintiffs' claims.

72.    Defendants admit that the allegations in Paragraph 72 appear to reference and selectively quote from the Form 10-Q/A filed by LuxUrban with the SEC on August 20, 2024, which speaks for itself. Defendants respectfully refer the Court to the Form 10-Q/A, filed with the SEC on August 20, 2024, referenced in Paragraph 72 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 72. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 72. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims

arising from the allegations in Paragraph 72, and therefore the allegations in Paragraph 72 cannot form the basis for Plaintiffs' claims.

73.     Defendants admit that the allegations in Paragraph 73 appear to reference and selectively quote from publicly available documents, including the Form 10-Q/A filed by LuxUrban with the SEC on August 20, 2024, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 73. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 73, and therefore the allegations in Paragraph 73 cannot form the basis for Plaintiffs' claims.

74.     Defendants admit that the allegations in Paragraph 74 appear to reference and selectively quote from the Form 10-Q/A filed by LuxUrban with the SEC on August 20, 2024, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 74. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 74, and therefore the allegations in Paragraph 74 cannot form the basis for Plaintiffs' claims.

75.     Defendants admit that the allegations in Paragraph 75 appear to characterize publicly available information, which speaks for itself. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 75, and therefore the allegations in Paragraph 75 cannot form the basis for Plaintiffs' claims.

76.     Defendants admit that the allegations in Paragraph 76 appear to reference statements from publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 76. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the

claims arising from the allegations in Paragraph 76, and therefore the allegations in Paragraph 76 cannot form the basis for Plaintiffs' claims.

77.    Defendants admit that the allegations in Paragraph 77 appear to reference statements from publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 77. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 77, and therefore the allegations in Paragraph 77 cannot form the basis for Plaintiffs' claims.

78.    Defendants admit that the allegations in Paragraph 78 reference publicly available documents, including a May 9, 2023 press release issued by LuxUrban, which speak for themselves. Defendants respectfully refer the Court to the May 9, 2023 press release referenced in Paragraph 78 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 78. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 78.

79.    Defendants admit that the allegations in Paragraph 79 reference a May 9, 2023 press release issued by LuxUrban, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 79.

80.    To the extent the allegations of Paragraph 80 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81.    Defendants admit that Plaintiffs reference a Q1 2023 Form 10-Q, filed with the SEC on May 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q1 2023 10-Q referenced in Paragraph 81 for a complete and accurate statement of its contents, and

deny any inconsistent allegations in Paragraph 81. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 81.

82.    Defendants admit that Plaintiffs reference and selectively quote from a 2023 Form 10-Q, filed with the SEC on May 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q1 2023 10-Q referenced in Paragraph 82 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 82. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 82.

83.    Defendants admit that Plaintiffs reference and selectively quote from a 2023 Form 10-Q, filed with the SEC on May 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q1 2023 10-Q referenced in Paragraph 83 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 83. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 83.

84.    Defendants admit that Plaintiffs reference and selectively quote from a 2023 Form 10-Q, filed with the SEC on May 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q1 2023 10-Q referenced in Paragraph 84 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 84. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 84.

85.    Defendants admit that Plaintiffs reference and selectively quote from a 2023 Form 10-Q, filed with the SEC on May 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q1 2023 10-Q referenced in Paragraph 85 for a complete and accurate

statement of its contents, and deny any inconsistent allegations in Paragraph 85. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 85.

86.    To the extent the allegations of Paragraph 86 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.    Defendants admit that Plaintiffs reference and selectively quote from a May 15, 2023 press release, filed with the SEC as an attachment to a Form 8-K on May 17, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 15, 2023 press release referenced in Paragraph 87 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 87. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 87.

88.    Defendants admit that Plaintiffs reference and selectively quote from a May 15, 2023 press release, filed with the SEC as an attachment to a Form 8-K on May 17, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 15, 2023 press release referenced in Paragraph 88 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 88. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 88.

89.    Defendants admit that Plaintiffs reference and selectively quote from a May 15, 2023 press release, filed with the SEC as an attachment to a Form 8-K on May 17, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 15, 2023 press release referenced in Paragraph 89 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 89. Except to the extent expressly admitted or otherwise

described herein, Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that Plaintiffs reference and selectively quote from a May 15, 2023 press release, filed with the SEC as an attachment to a Form 8-K on May 17, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 15, 2023 press release referenced in Paragraph 90 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 90. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 90.

91.     To the extent the allegations of Paragraph 91 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

92.     Defendants admit that Plaintiffs reference a Form 8-K and attached investor presentation filed with the SEC on May 22, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 22, 2023 Form 8-K and investor presentation referenced in Paragraph 92 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 92. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 92.

93.     Defendants admit that Plaintiffs reference an investor presentation, filed with the SEC as an attachment to a Form 8-K on May 22, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 22, 2023 investor presentation referenced in Paragraph 93 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 93. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Plaintiffs reference an investor presentation, filed with the

SEC as an attachment to a Form 8-K on May 22, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 22, 2023 investor presentation referenced in Paragraph 94 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 94. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 94.

95.    Defendants admit that Plaintiffs reference an investor presentation, filed with the SEC as an attachment to a Form 8-K on May 22, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 22, 2023 investor presentation referenced in Paragraph 95 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 95. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 95.

96.    To the extent the allegations of Paragraph 96 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97.    Defendants admit that Plaintiffs reference an August 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on August 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 8, 2023 press release referenced in Paragraph 97 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 97. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 97.

98.    Defendants admit that Plaintiffs reference and selectively quote from an August 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on August 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 8, 2023 press release

referenced in Paragraph 98 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 98. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 98.

99.    Defendants admit that Plaintiffs reference and selectively quote from an August 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on August 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 8, 2023 press release referenced in Paragraph 99 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 99. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 99.

100.    To the extent the allegations of Paragraph 100 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101.    Defendants admit that Plaintiffs reference a Q2 2023 Form 10-Q, filed with the SEC on August 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q2 2023 10-Q referenced in Paragraph 101 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 101. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 101.

102.    Defendants admit that Plaintiffs reference and selectively quote from a Q2 2023 Form 10-Q, filed with the SEC on August 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q2 2023 10-Q referenced in Paragraph 102 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 102. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 102.

103.    Defendants admit that Plaintiffs reference and selectively quote from a Q2 2023 Form 10-Q, filed with the SEC on August 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q2 2023 10-Q referenced in Paragraph 103 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 103. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 103.

104.    To the extent the allegations of Paragraph 104 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 104.

105.    Defendants admit the allegations in Paragraph 105.

106.    Defendants admit that Plaintiffs reference and selectively quote from an August 9, 2023 earnings call transcript, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 106. Defendants respectfully refer the Court to the August 9, 2023 earnings call transcript referenced in Paragraph 106 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 106.

107.    Defendants admit that Plaintiffs reference and selectively quote from an August 9, 2023 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the August 9, 2023 earnings call transcript referenced in Paragraph 107 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 107. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 107.

108.    To the extent the allegations of Paragraph 108 state legal conclusions, no response

is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.    Defendants admit that Plaintiffs reference an investor presentation, filed with the SEC as an attachment to a Form 8-K on September 1, 2023, which speaks for itself. Defendants respectfully refer the Court to the September 1, 2023 investor presentation referenced in Paragraph 109 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 109. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 109.

110.    Defendants admit that Plaintiffs reference and selectively quote from an investor presentation, filed with the SEC as an attachment to a Form 8-K on September 1, 2023, which speaks for itself. Defendants respectfully refer the Court to the September 1, 2023 investor presentation referenced in Paragraph 110 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 110. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 110.

111.    To the extent the allegations of Paragraph 111 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    Defendants admit that Plaintiffs reference a November 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on November 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 8, 2023 press release referenced in Paragraph 112 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 112. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 112.

24

113. Defendants admit that Plaintiffs reference and selectively quote from a November 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on November 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 8, 2023 press release referenced in Paragraph 113 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 113. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 113.

114. Defendants admit that Plaintiffs reference and selectively quote from a November 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on November 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 8, 2023 press release referenced in Paragraph 114 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 114. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 114.

115. Defendants admit that Plaintiffs reference and selectively quote from a November 8, 2023 press release, filed with the SEC as an attachment to a Form 8-K on November 9, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 8, 2023 press release referenced in Paragraph 115 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 115. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 115.

116. To the extent the allegations of Paragraph 116 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117. Defendants admit that Plaintiffs reference a Q3 2023 Form 10-Q, filed with the SEC on November 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the

Q3 2023 10-Q referenced in Paragraph 117 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 117. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 117.

118. Defendants admit that Plaintiffs reference and selectively quote from a Q3 2023 Form 10-Q, filed with the SEC on November 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 118 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 118. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 118.

119. Defendants admit that Plaintiffs reference and selectively quote from a Q3 2023 Form 10-Q, filed with the SEC on November 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 119 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 119. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 119.

120. To the extent the allegations of Paragraph 120 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121. Defendants admit the allegations in Paragraph 121.

122. Defendants admit that Plaintiffs reference and selectively quote from a November 9, 2023 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the November 9, 2023 earnings call transcript referenced in Paragraph 122 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 122. Except

26

to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 122.

123.    To the extent the allegations of Paragraph 123 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124.    Defendants admit that Plaintiffs reference a November 17, 2023 press release, filed with the SEC as an attachment to a Form 8-K on November 17, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 17, 2023 press release referenced in Paragraph 124 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 124. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 124.

125.    Defendants admit that Plaintiffs reference and selectively quote from a November 17, 2023 press release, filed with the SEC as an attachment to a Form 8-K on November 17, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 17, 2023 press release referenced in Paragraph 125 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 125. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 125.

126.    To the extent the allegations of Paragraph 126 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 126.

127.    Defendants admit that Plaintiffs reference a November 30, 2023 press release, which speaks for itself. Defendants respectfully refer the Court to the November 30, 2023 press release referenced in Paragraph 127 for a complete and accurate statement of its contents, and deny

any inconsistent allegations in Paragraph 127. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 127.

128.    Defendants admit that Plaintiffs reference and selectively quote from a November 30, 2020 press release, which speaks for itself. Defendants respectfully refer the Court to the November 30, 2020 press release referenced in Paragraph 128 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 128. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 128.

129.    To the extent the allegations of Paragraph 129 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 129.

130.    Defendants admit that Plaintiffs reference and selectively quote from a November 30, 2020 press release, which speaks for itself. Defendants respectfully refer the Court to the November 30, 2020 press release referenced in Paragraph 130 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 130. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 130.

131.    To the extent the allegations of Paragraph 131 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 131.

132.    Defendants admit that Plaintiffs reference and selectively quote from a November 30, 2020 press release, which speaks for itself. Defendants respectfully refer the Court to the November 30, 2020 press release referenced in Paragraph 132 for a complete and accurate

28

statement of its contents, and deny any inconsistent allegations in Paragraph 132. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 132.

133. To the extent the allegations of Paragraph 133 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134. Defendants admit that Plaintiffs reference and selectively quote from a November 30, 2020 press release, which speaks for itself. Defendants respectfully refer the Court to the November 30, 2020 press release referenced in Paragraph 134 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 134. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 134.

135. To the extent the allegations of Paragraph 135 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136. Defendants admit that Plaintiffs reference a Form 8-K and attached investor presentation filed with the SEC on December 1, 2023, which speaks for itself. Defendants respectfully refer the Court to the December 1, 2023 Form 8-K and investor presentation referenced in Paragraph 136 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 136. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 136.

137. Defendants admit that Plaintiffs reference and selectively quote from an investor presentation, filed with the SEC as an attachment to a Form 8-K on December 1, 2023, which

speaks for itself. Defendants respectfully refer the Court to the December 1, 2023 investor presentation referenced in Paragraph 137 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 137. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 137.

138. To the extent the allegations of Paragraph 138 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139. Defendants admit that Plaintiffs reference a January 12, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 12, 2024 press release referenced in Paragraph 139 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 139. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 139.

140. Defendants admit that Plaintiffs reference and selectively quote from a January 12, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 12, 2024 press release referenced in Paragraph 140 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 140. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 140.

141. To the extent the allegations of Paragraph 141 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142. Defendants admit that Plaintiffs reference and selectively quote from a January 12, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 12, 2024 press release referenced in Paragraph 142 for a complete and accurate statement of its

contents, and deny any inconsistent allegations in Paragraph 142. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 142.

143.    To the extent the allegations of Paragraph 143 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 143.

144.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 17, 2024 press release referenced in Paragraph 144 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 144. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 144.

145.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 17, 2024 press release referenced in Paragraph 145 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 145. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 145.

146.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 17, 2024 press release referenced in Paragraph 146 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 146. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 146.

147.    To the extent the allegations of Paragraph 147 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Defendants admit that Plaintiffs reference and selectively quote from a January 17, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 17, 2024 press release referenced in Paragraph 148 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 148. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 148.

149.    To the extent the allegations of Paragraph 149 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150.    Defendants admit that Plaintiffs reference and selectively quote from a January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 150 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 150. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 150.

151.    Defendants admit that Plaintiffs reference and selectively quote from a January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 151 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 151. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 151.

152.    Defendants admit that Plaintiffs reference and selectively quote from a January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 152 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 152. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 152.

153.    Defendants admit that Plaintiffs reference and selectively quote from a January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 153 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 153. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 153.

154.    Defendants admit that Plaintiffs reference and selectively quote from a January 30, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the January 30, 2024 press release referenced in Paragraph 154 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 154. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 154.

155.    To the extent the allegations of Paragraph 155 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156.    Defendants admit that Plaintiffs reference a Form 8-K and attached presentation filed with the SEC on February 6, 2024, which speaks for itself. Defendants respectfully refer the Court to the February 6, 2024 Form 8-K and presentation referenced in Paragraph 156 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 156. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 156.

157.    Defendants admit that Plaintiffs reference and selectively quote from a transcript of a February 6, 2024 investor presentation, which speaks for itself. Defendants respectfully refer the Court to the transcript of the February 6, 2024 investor presentation referenced in Paragraph 157 for a complete and accurate statement of its contents, and deny any inconsistent allegations in

Paragraph 157. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 157.

158.    Defendants admit that Plaintiffs reference and selectively quote from a transcript of a February 6, 2024 investor presentation, which speaks for itself. Defendants respectfully refer the Court to the transcript of the February 6, 2024 investor presentation referenced in Paragraph 158 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 158. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 158.

159.    Defendants admit that Plaintiffs reference and selectively quote from a February 6, 2024 investor presentation, filed with the SEC as an attachment to a Form 8-K on February 6, 2024, which speaks for itself. Defendants respectfully refer the Court to the February 6, 2024 investor presentation referenced in Paragraph 159 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 159. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 159.

160.    To the extent the allegations of Paragraph 160 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Defendants admit that Plaintiffs reference and selectively quote from a transcript of a February 6, 2024 investor presentation, which speaks for itself. Defendants respectfully refer the Court to the transcript of the February 6, 2024 investor presentation referenced in Paragraph 161 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 161. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 161.

162. To the extent the allegations of Paragraph 162 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163. Defendants admit the allegations in Paragraph 163.

164. Defendants admit that Plaintiffs reference and selectively quote from an April 16, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the April 16, 2024 earnings call transcript referenced in Paragraph 164 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 164. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 164.

165. To the extent the allegations of Paragraph 165 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166. Defendants admit that Plaintiffs reference and selectively quote from an April 16, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the April 16, 2024 earnings call transcript referenced in Paragraph 166 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 166. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 166.

167. Defendants admit that Plaintiffs reference and selectively quote from an April 16, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the April 16, 2024 earnings call transcript referenced in Paragraph 167 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 167. Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 167.

168.    To the extent the allegations of Paragraph 168 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.    Defendants admit that Plaintiffs reference a May 13, 2024 press release filed with the SEC as an attachment to a Form 8-K on May 14, 2024, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 169. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 169, and therefore the allegations in Paragraph 169 cannot form the basis for Plaintiffs' claims.

170.    Defendants admit that Plaintiffs reference and selectively quote from a May 13, 2024 press release, filed with the SEC as an attachment to a Form 8-K on May 14, 2024, which speaks for itself. Defendants respectfully refer the Court to the April 16, 2024 earnings call transcript referenced in Paragraph 170 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 170. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 170. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 170, and therefore the allegations in Paragraph 170 cannot form the basis for Plaintiffs' claims.

171.    To the extent the allegations of Paragraph 171 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 171. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51)

36

dismissed the claims arising from the allegations in Paragraph 171, and therefore the allegations in Paragraph 171 cannot form the basis for Plaintiffs' claims.

172.    Defendants admit that Plaintiffs reference a Q1 2024 Form 10-Q, filed with the SEC on May 13, 2024, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 172 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 172. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 172. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 172, and therefore the allegations in Paragraph 172 cannot form the basis for Plaintiffs' claims.

173.    Defendants admit that Plaintiffs reference a Q1 2024 Form 10-Q, filed with the SEC on May 13, 2024, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 173 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 173. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 173. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 173, and therefore the allegations in Paragraph 173 cannot form the basis for Plaintiffs' claims.

174.    To the extent the allegations of Paragraph 174 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 174. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 174, and therefore the allegations in Paragraph 174 cannot form the basis for Plaintiffs' claims.

175.    Defendants admit that Plaintiffs reference and selectively quote from a Q1 2024 Form 10-Q, filed with the SEC on May 13, 2024, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 175 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 175. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 175. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 175, and therefore the allegations in Paragraph 175 cannot form the basis for Plaintiffs' claims.

176.    To the extent the allegations of Paragraph 176 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 176. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 176, and therefore the allegations in Paragraph 176 cannot form the basis for Plaintiffs' claims.

177.    Defendants admit that Plaintiffs reference a Q1 2024 Form 10-Q, filed with the SEC on May 13, 2024, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 177 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 177. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 177. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 177, and therefore the allegations in Paragraph 177 cannot form the basis for Plaintiffs' claims.

178.    To the extent the allegations of Paragraph 178 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in

Paragraph 178. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 178, and therefore the allegations in Paragraph 178 cannot form the basis for Plaintiffs' claims.

179.    Defendants admit that Plaintiffs reference a Q1 2024 Form 10-Q, filed with the SEC on May 13, 2024, which speaks for itself. Defendants respectfully refer the Court to the Q3 2023 10-Q referenced in Paragraph 179 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 179. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 179. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 179, and therefore the allegations in Paragraph 179 cannot form the basis for Plaintiffs' claims.

180.    To the extent the allegations of Paragraph 180 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 180. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 180, and therefore the allegations in Paragraph 180 cannot form the basis for Plaintiffs' claims.

181.    Defendants admit that the allegations in Paragraph 181 appear to reference a May 14, 2024 earnings call. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 181. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 181, and therefore the allegations in Paragraph 181 cannot form the basis for Plaintiffs' claims.

182.    Defendants admit that Plaintiffs reference and selectively quote from a May 14, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to

39

the May 14, 2024 earnings call transcript referenced in Paragraph 182 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 182. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 182. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 182, and therefore the allegations in Paragraph 182 cannot form the basis for Plaintiffs' claims.

183.    To the extent the allegations of Paragraph 183 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 183. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 183, and therefore the allegations in Paragraph 183 cannot form the basis for Plaintiffs' claims.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants admit that the allegations in Paragraph 185 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 185.

186.    Defendants admit that the allegations in Paragraph 186 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 186 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 186. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 186.

187.    Defendants admit that the allegations in Paragraph 187 appear to characterize

statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 187 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 187. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants admit that the allegations in Paragraph 190 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 190.

191.    Defendants admit that Plaintiffs reference and selectively quote from publicly available documents, including a January 12, 2024 press release, which speak for themselves. Defendants respectfully refer the Court to the January 12, 2024 press release referenced in Paragraph 191 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 191. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 191.

192.    Defendants admit that Plaintiffs reference and selectively quote from publicly available documents, including a November 9, 2023 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the November 9, 2023 earnings call transcript referenced in Paragraph 192 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 192. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants admit that the allegations in Paragraph 195 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 195 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196.    Defendants admit that the allegations in Paragraph 196 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 196 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

199.    Defendants admit that Plaintiffs reference and selectively quote from statements contained in publicly available documents, including a January 17, 2024 press release, which speak for themselves. Defendants respectfully refer the Court to the January 17, 2024 press release referenced in Paragraph 199 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 199. To the extent the allegations of Paragraph 199 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 199. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 199.

200.    Defendants deny the allegations in Paragraph 200.

201.    Defendants admit that Plaintiffs appear to reference and selectively quote from statements contained in publicly available documents, which speak for themselves. To the extent

42

the allegations of Paragraph 201 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 201. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 201.

202. Defendants admit that Plaintiffs reference and selectively quote from a February 6, 2024 investor presentation transcript, which speaks for itself. Defendants respectfully refer the Court to the February 6, 2024 investor presentation transcript referenced in Paragraph 202 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 202. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 202.

203. Defendants admit that Plaintiffs reference and selectively quote from a February 6, 2024 investor presentation, which speaks for itself. Defendants respectfully refer the Court to the February 6, 2024 investor presentation referenced in Paragraph 203 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 203. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 203.

204. Defendants admit that Plaintiffs reference and selectively quote from a February 6, 2024 investor presentation transcript, which speaks for itself. Defendants respectfully refer the Court to the February 6, 2024 investor presentation transcript referenced in Paragraph 204 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 204. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 204.

205. Defendants deny the allegations in Paragraph 205.

206. Defendants admit that the allegations in Paragraph 206 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 206 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 206.

207. Defendants admit that the allegations in Paragraph 207 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 207.

208. Defendants admit that Plaintiffs reference and selectively quote from an April 16, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the April 16, 2024 earnings call transcript referenced in Paragraph 208 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 208. Further, to the extent the allegations of Paragraph 208 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 208. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 208.

209. Defendants deny the allegations in Paragraph 209.

210. Defendants admit that the allegations in Paragraph 210 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 210.

211. Defendants admit that the allegations in Paragraph 211 appear to characterize

statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 211.

212.    Defendants admit that the allegations in Paragraph 212 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 212 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 212. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 212.

213.    Defendants admit that the allegations in Paragraph 213 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 213.

214.    Defendants admit that the allegations in Paragraph 214 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 214 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 214.

215.    Defendants admit that the allegations in Paragraph 215 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 215. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 215, and therefore the allegations

in Paragraph 215 cannot form the basis for Plaintiffs' claims.

216.    Defendants admit that Plaintiffs reference and selectively quote from a May 14, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the May 14, 2024 earnings call transcript referenced in Paragraph 216 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 216. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 216. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 216, and therefore the allegations in Paragraph 216 cannot form the basis for Plaintiffs' claims.

217.    Defendants admit that Plaintiffs reference and selectively quote from a May 14, 2024 earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the May 14, 2024 earnings call transcript referenced in Paragraph 217 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 217. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 217. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 217, and therefore the allegations in Paragraph 217 cannot form the basis for Plaintiffs' claims.

218.    Defendants admit that the allegations in Paragraph 218 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 218 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 218. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph

46

218, and therefore the allegations in Paragraph 218 cannot form the basis for Plaintiffs' claims.

219. Defendants admit that Plaintiffs reference and selectively quote from a February 6, 2024 investor presentation transcript, which speaks for itself. Defendants respectfully refer the Court to the February 6, 2024 investor presentation transcript referenced in Paragraph 219 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 219. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 219. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 219, and therefore the allegations in Paragraph 219 cannot form the basis for Plaintiffs' claims.

220. To the extent the allegations of Paragraph 220 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 220. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 220, and therefore the allegations in Paragraph 220 cannot form the basis for Plaintiffs' claims.

221. Defendants admit that the allegations in Paragraph 221 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 221 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 221. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 221, and therefore the allegations in Paragraph 221 cannot form the basis for Plaintiffs' claims.

222. Defendants admit that the allegations in Paragraph 222 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the

extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 222. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 222, and therefore the allegations in Paragraph 222 cannot form the basis for Plaintiffs' claims.

223.    To the extent the allegations in Paragraph 223 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 223. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 223, and therefore the allegations in Paragraph 223 cannot form the basis for Plaintiffs' claims.

224.    Defendants admit that Plaintiff references and selectively quotes from publicly available materials, which speak for themselves. To the extent the allegations of Paragraph 224 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 224. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 224, and therefore the allegations in Paragraph 224 cannot form the basis for Plaintiffs' claims.

225.    Defendants deny the allegations in Paragraph 225. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 225, and therefore the allegations in Paragraph 225 cannot form the basis for Plaintiffs' claims.

226.    Defendants admit that Paragraph 226 appears to reference statements in publicly

available materials, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 226.

227.    Defendants admit that Paragraph 227 appears to reference statements in publicly available materials, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 227.

228.    Defendants admit that Paragraph 228 appears to reference statements in publicly available materials, which speak for themselves. To the extent the allegations in Paragraph 228 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 228.

229.    Defendants admit that Paragraph 229 appears to reference statements contained in publicly available materials, which speak for themselves. To the extent the allegations in Paragraph 229 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 229.

230.    Defendants admit that Paragraph 230 appears to characterize statements contained in publicly available materials, which speak for themselves. To the extent the allegations in Paragraph 230 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 230.

231.    Defendants admit that the allegations in Paragraph 231 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 231 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 231.

232.    To the extent the allegations in Paragraph 232 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 232.

233.    Defendants admit that the allegations in Paragraph 233 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 233 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 233.

234.    Defendants admit that the allegations in Paragraph 234 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 234.

235.    Defendants admit that the allegations in Paragraph 235 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 235 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 235.

236.    Defendants admit that the allegations in Paragraph 236 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent

the allegations of Paragraph 236 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 236.

237. To the extent the allegations of Paragraph 237 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 237.

238. Defendants deny the allegations in Paragraph 238.

239. Defendants admit that the allegations in Paragraph 239 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 239 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 239.

240. To the extent the allegations of Paragraph 240 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 240.

241. Defendants admit that the allegations in Paragraph 241 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 241 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 241.

242. Defendants admit that the allegations in Paragraph 242 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 242 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described

herein, Defendants deny the allegations in Paragraph 242.

243.    Defendants admit that the allegations in Paragraph 243 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 243.

244.    Defendants admit that the allegations in Paragraph 244 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 244 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 244.

245.    To the extent the allegations of Paragraph 245 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 245.

246.    Defendants admit that the allegations in Paragraph 246 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 246 state legal conclusions, no response is required or appropriate. To the extent a response is required, except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 246.

247.    Defendants admit that the allegations in Paragraph 247 appear to characterize publicly available information, which speaks for itself. To the extent the allegations of Paragraph 247 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 247. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 247.

248.    Defendants admit that Plaintiffs reference and selectively quote from a February 2,

2024 press release, which speaks for itself. Defendants respectfully refer the Court to the February 2, 2024 press release, referenced in Paragraph 248 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 248. To the extent the allegations of Paragraph 248 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 248. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 248.

249.    Defendants admit that the allegations in Paragraph 249 appear to characterize publicly available information, which speaks for itself. To the extent the allegations of Paragraph 249 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 249. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 249.

250.    Defendants admit that the allegations in Paragraph 250 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 250 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 250.

251.    Defendants deny the allegations in Paragraph 251.

252.    Defendants admit that the allegations in Paragraph 252 appear to characterize publicly available information, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 252.

253.    Defendants admit that Plaintiffs reference and selectively quote from a March 26,

53

2024 press release, which speaks for itself. Defendants respectfully refer the Court to the March 26, 2024 press release, referenced in Paragraph 253 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 253. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 253.

254. Defendants deny the allegations in Paragraph 254.

255. Defendants admit that the allegations in Paragraph 255 appear to characterize publicly available information, which speaks for itself. To the extent the allegations of Paragraph 255 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 255.

256. Defendants admit that Plaintiffs appear to reference and selectively quote from an April 15, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the April 15, 2024 press release, referenced in Paragraph 256 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 256. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 256.

257. Defendants deny the allegations in Paragraph 257.

258. Defendants admit that Plaintiffs appear to reference and selectively quote from publicly available information and documents, including an April 16, 2024 earnings call transcript, which speak for themselves. Defendants respectfully refer the Court to the April 16, 2024 earnings call transcript, referenced in Paragraph 258 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 258. To the extent the allegations of Paragraph 258 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 258. Except to the extent expressly

admitted or otherwise described herein, Defendants deny the allegations in Paragraph 258.

259.    Defendants admit that Paragraph 259 appears to reference publicly available information, which speaks for itself. To the extent the allegations of Paragraph 259 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 259. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 259.

260.    Defendants admit that Plaintiffs appear to reference and selectively quote from a May 13, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the May 13, 2024 press release, referenced in Paragraph 260 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 260. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 260.

261.    Defendants deny the allegations in Paragraph 261.

262.    Defendants admit that the allegations in Paragraph 262 appear to characterize publicly available information, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 262.

263.    Defendants admit that Plaintiffs appear to reference and selectively quote from an August 9, 2024 press release, which speaks for itself. Defendants respectfully refer the Court to the August 9, 2024 press release, referenced in Paragraph 263 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 263. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 263. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 263, and therefore the allegations in Paragraph 263 cannot form the basis for Plaintiffs' claims.

264.    Defendants deny the allegations in Paragraph 264. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 264, and therefore the allegations in Paragraph 264 cannot form the basis for Plaintiffs' claims.

265.    Defendants admit that Plaintiffs appear to reference and selectively quote from a Notification of Late Filing on Form 12b-25, filed with the SEC on August 14, 2024, which speaks for itself. Defendants respectfully refer the Court to the Notification of Late Filing on Form 12b-25, filed with the SEC on August 14, 2024, referenced in Paragraph 265 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 265. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 265. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 265, and therefore the allegations in Paragraph 265 cannot form the basis for Plaintiffs' claims.

266.    Defendants deny the allegations in Paragraph 266. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 266, and therefore the allegations in Paragraph 266 cannot form the basis for Plaintiffs' claims.

267.    Defendants admit that the allegations in Paragraph 267 appear to characterize publicly available information, which speaks for itself. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 267, and therefore the allegations in Paragraph 267 cannot form the basis for Plaintiffs' claims.

268.    Defendants admit that Plaintiffs appear to reference and selectively quote from a Form 10-Q/A, filed with the SEC on August 20, 2024, which speaks for itself. Defendants

respectfully refer the Court to the Form 10-Q/A, filed with the SEC on August 20, 2024, referenced in Paragraph 268 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 268. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 268. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 268, and therefore the allegations in Paragraph 268 cannot form the basis for Plaintiffs' claims.

269.    Defendants deny the allegations in Paragraph 269. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 269, and therefore the allegations in Paragraph 269 cannot form the basis for Plaintiffs' claims.

270.    Defendants admit that the allegations in Paragraph 270 appear to characterize publicly available information, which speaks for itself. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 270. Defendants further note that the Court's Order dated July 25, 2025 (Dkt. #51) dismissed the claims arising from the allegations in Paragraph 270, and therefore the allegations in Paragraph 270 cannot form the basis for Plaintiffs' claims.

271.    Defendants admit that Paragraph 271 purports to describe Plaintiffs' claims. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 271.

272.    To the extent the allegations of Paragraph 272 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 272.

273.    To the extent the allegations of Paragraph 273 state legal conclusions, no response

is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 273.

274.    To the extent the allegations of Paragraph 274 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 274.

275.    To the extent the allegations of Paragraph 275 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 275.

276.    To the extent the allegations of Paragraph 276 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 276.

277.    To the extent the allegations of Paragraph 277 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 277.

278.    To the extent the allegations of Paragraph 278 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 278.

279.    To the extent the allegations of Paragraph 279 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 279.

280.    To the extent the allegations of Paragraph 280 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 280.

281.    To the extent the allegations of Paragraph 281 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 281.

282.    To the extent the allegations of Paragraph 282 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 282.

283.    To the extent the allegations of Paragraph 283 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 283.

284.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 284.

285.    Defendants admit that Paragraph 285 purports to describe Plaintiffs' claims. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 285.

286.    To the extent the allegations of Paragraph 286 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 286.

287.    To the extent the allegations of Paragraph 287 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 287.

288.    To the extent the allegations of Paragraph 288 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in

Paragraph 288.

289. To the extent the allegations of Paragraph 289 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 289.

290. To the extent the allegations of Paragraph 290 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 290.

291. To the extent the allegations of Paragraph 291 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 291.

292. Defendants deny the allegations in Paragraph 292.

293. To the extent the allegations of Paragraph 293 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 293.

294. Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 294.

295. Defendants admit that Paragraph 295 purports to describe Plaintiffs' claims. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 295.

296. To the extent the allegations of Paragraph 296 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 296.

297.    To the extent the allegations of Paragraph 297 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 297.

298.    To the extent the allegations of Paragraph 298 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 298.

299.    To the extent the allegations of Paragraph 299 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 299.

300.    Defendants deny the allegations in Paragraph 300.

The remainder of the Complaint consists of: (i) Plaintiffs' introductory paragraph describing, among other things, the parties and Plaintiffs' purported "knowledge" and investigation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the introductory paragraph; (ii) Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased LuxUrban shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they cannot show transaction or loss causation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in LuxUrban's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed

64

to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misrepresentations or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their LuxUrban shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of LuxUrban shares.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of LuxUrban shares.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that form the basis of the alleged material misrepresentations and omissions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of LuxUrban shares.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. 240.10b5-1.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class they purport to represent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, to the extent Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, seek equitable relief they are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, to the extent Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, seek equitable relief they are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act of 1995, the common law, or any other applicable statute, rule, or regulation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## THIRTIETH AFFIRMATIVE DEFENSE

Some of the alleged misrepresentations described in the Complaint are "forward-looking statements" that cannot be the basis for liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act) and/or Section 21E of the Exchange Act.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Complaint is based on any predictions, expressions of opinion, puffery, or forward-looking statements, Plaintiffs are barred from recovery in whole or in part by the safe harbor provisions of the Private Securities Litigations Reform Act of 1995 or the bespeaks caution doctrine.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The claims of some or all of the Plaintiffs' putative class are barred based on the doctrine of assumption of risk.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omission.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a materially false or misleading statement, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control

the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the truth and sufficiency of all statements upon which the asserted claims are based.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that they are based on alleged statements that are not attributable to Defendants.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the *Sante Fe* doctrine, which bars Section 10(b) claims for allegations that "constitute no more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to allege facts demonstrating a strong inference of

70

scienter as required by the Private Securities Litigation Reform Act of 1995, and Plaintiffs' inability to prove any such facts, with regard to each Defendant and as to each alleged misrepresentation or omission.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged misrepresentations or omissions were made and the time the purported "truth" was revealed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the "truth-on-the-market" doctrine because any alleged information at issue was credibly made available to the market by other sources.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the market for LuxUrban's common stock was not efficient.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because there was no price impact to LuxUrban's publicly traded common stock resulting from any alleged misrepresentation or omission.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute their Section 10(b) and Section 20(a) claims under the Exchange Act.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by their own actions, omissions, and/or negligence.

## FIFTIETH AFFIRMATIVE DEFENSE

The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

Dated: October 29, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Douglas W. Greene*
        Douglas W. Greene (*pro hac vice*)
        dgreene@bakerlaw.com
        Erica A. Barrow
        ebarrow@bakerlaw.com
        Zachary R. Taylor
        ztaylor@bakerlaw.com
        45 Rockefeller Plaza
        New York, NY 10111
        Telephone: 212.589.4200

*Attorneys for Defendants Brian Ferdinand and Shanoop Kothari*